Wash, J.,
delivered the opinion of the Court.-
Storrs was indicted under the sixth section of the act.entitled “An Act to license retailers of wines and spirituous liquors,” approved Feb. 4th, 1825, for selling spirituous liquors, suffering them to be drank about his house without a license therefor. The indictment charges that the said Storrs “ did then and there sell and retail to one Pemberton S. Bridges of the county aforesaid, one half pint of whisky, and did then and there suffer and permit the said spirituous liquors so sold as aforesaid, to be then and there drank in his the said Storrs’ shop, then in his possession, by the said Bridges and others: and the said Storrs did then and there sell and retail to one Stephen Lacey, of the county aforesaid, one half pint of whisky, and did then and there suffer and permit the said spirituous liquors so sold, as last aforesaid, to be then and there drank in his, the said Storrs’ shop, then in his possession, by the said Lacey and others, and the said Storrs did then and there sell and retail to divers other citizens, to the jurors aforesaid unknown, divers other half pints of whisky. And did then and there suffer and permit the said spirituous liquors so sold as aforesaid, to be then and there *8 drank,” &c. The defendant demurred to the indictment and had judgment against him: to reverse which he prosecutes the present writ of error. The error assigned and relied on is, that the indictment contains only one count, and that several distinct offences are charged in that count, against the said Storrs. There is no force in this objection. It is held that even distinct felonies of the same character and degree, though committed at different times, may be charged in the same indictment, and it will be no ground either of demurrer, or arrest of judgment. 1 Chit. L. P. 171. In such cases, however, the prosecutor may be compelled at the trial to elect on which charge he will proceed. But in the case of offences inferior to felony, the practice of calling on the prosecutor to elect on which charge he will proceed, does not exist, and the prosecutor may give evidence of several libels, assaults, &c., upon the same indictment, whether they be on the same or on different persons. 1 Chit. Crim. L. p. 254. So it is held that if property of several persons be stolen at one time, the whole may be considered as one talcing; 1 Hale 531, 3 Chit. Crim. L. p. 353. The rule is, that offences of a different character or degree, upon which th© judgments must necessary be different, are not to he joined. In the case under consideration, it was to the interest of the defendant to consider the several acts as constituting but one offence, whether they were or were not committed at the same instant of time, which might well have been.
The judgment of the Circuit Court is, therefore, affirmed, with costs.