JOHNSON & SMITH, plaintiffs in error, *vs.* A. D. WHEELOCK, defendant in error.

The title upon which claimants relied being made as part of a usurious contract, was void, and the property claimed was therefore properly found subject.

Claims. Deeds. Usury. Before Judge KIDDOO. Terrell Superior Court. November Term, 1875.

Reported in the decision.

IRVIN & GRESHAM, for plaintiffs in error.

A. HOOD; HOYLE & SIMMONS, for defendant.

WARNER, Chief Justice.

This was a claim case, on the trial of which in the court below, the jury, under the charge of the court, found the property subject to the execution levied thereon. The claimants made a motion for a new trial on the ground that the verdict was contrary to the evidence, contrary to law, and for alleged error in the charge of the court; which motion was overruled, and the claimants excepted.

It appears from the evidence in the record that Wheelock, the plaintiff in *fi. fa.*, obtained a judgment in Terrell superior court, at the November term, 1874, against Lee & Fulton, on two promissory notes, dated 15th of April, 1873, which *fi. fa.* was levied on certain described lots of land and other property, on the 6th of April, 1875, as the property of Lee & Fulton, which was claimed by Johnson & Smith. The claimants claimed the property under a deed made by Lee & Fulton to them, dated 12th of December, 1872, and recorded 7th January, 1873, and a deed from Lee to them, dated 13th December, 1872, and recorded 7th January, 1873, and also under another deed made by Lee & Fulton, conveying the property to the claimants, dated 20th December, 1872, and recorded 6th of January, 1873. The deeds conveyed an abso-

lnto warranty title to the property levied on to the claimants. The plaintiff's judgment against Lee & Fulton, the defendants, was of younger date than the deeds to the claimants, and the plaintiff sought to subject the property in satisfaction thereof, on the ground that the conveyance of the property was fraudulent in law as against creditors, under the provisions of the 1952d section of the Code, and because the title to the property was void, being made as a part of an usurious contract. The evidence shows that the deeds conveying the property were executed by Lee & Fulton to the claimants to secure them for their indebtedness to the claimants for goods purchased of them from time to time; the claimants did not go into the possession of any of the property until the fall of 1874, or January, 1875; the defendants, Lee & Fulton, after the deeds were made, used the property conveyed just as they did before; the property described in the deeds, was to be conveyed back to Lee & Fulton when their indebtedness to the claimants was paid. It is quite clear from the evidence in the record that the claimants charged the defendants, Lee & Fulton, at the rate of one and a half or two per cent. a month on balances due by them on their accounts; the exact amount of usury paid, does not appear; one witness states that he does not think it was as much as $5,000 00, but there is no doubt that the rate of interest paid on the indebtedness which the deeds were given to secure, was more than seven per cent., the legal rate of interest. One of the claimants testified, that in a settlement made with Lee & Fulton in January, 1875, $6,224 00 was deducted from their account, which was more than the amount of usury that had been charged up against them. The law of force in this state at the time the deeds were executed by Lee & Fulton to the claimants, and which is now of force, declares that " All titles to property made as a part of an usurious contract, or to evade the laws against usury are void." See *Sugart vs. Mays*, 54 *Georgia Reports*, 554, and *Carswell vs. Hartridge*, 55 *Ibid.*, 412. In this case, there was no equitable plea filed by the claimants alleging that their deeds were intended to be an

equitable mortgage for the security of the debt due to them, by Lee & Fulton, but they relied upon their deeds as conveying to them an absolute title to the property. In view of the evidence contained in the record, we find no error in the charge of the court to the jury, or in overruling the motion for a new trial.

Let the judgment of the court below be affirmed.