## JOHNSON & SMITH *vs.* WHEELOCK *et al.*

[WARNER, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in the following case.]

1. The record of an absolute deed, which fails to pass the legal title on account of usury, is not notice of the instrument as a mortgage, and a junior judgment creditor is not postponed thereby.
2. Where the demurrer going to the whole bill is overruled, it is an adjudication that the complainant is entitled to some relief, but the extent of the relief is still an open question.

Usury. Title. Notice. Mortgage. Deeds. Equity. Before Judge HOOD. Terrell Superior Court. May Term, 1879.

Wheelock had certain *fi. fas.* levied on land as the property of Lee & Fulton. Johnson & Smith claimed the property under deeds from defendants in *fi. fa.* These deeds were held not to convey title because they formed part of a usurious transaction. Johnson & Smith then filed a bill to foreclose the deeds as equitable mortgages for the amount due them, alleging that though absolute on

their face they were really made to secure complainants in making advances to Lee & Fulton  Wheelock and other creditors of Lee & Fulton were made parties, and injunction prayed against them to prevent their subjecting the land.  All of the deeds were made in 1872 except one which was made in 1874; they were all recorded as deeds. The judgments sought to be enjoined were rendered in 1873 and 1874.

Defendants demurred to the bill on the following grounds:

1. Want of equity.

2. Remedy at law.

3. Complainants were seeking to enforce a *usurious contract.*

4. That the matters and things set up in said bill had been adjudicated in a claim case between the parties.

5. Because the common law judgment creditors have a right to sell the equity of redemption even if complainants have a mortgage on the premises.

The demurrer was overruled, and complainants' counsel insist that the ruling is conclusive as to each of the grounds taken in the demurrer.

On the trial, the jury found for complainants.  Defendants moved for a new trial which was granted, and complainants excepted.

S. D. Irvin; Thos. G. Gresham, for plaintiffs in error.

R. F. Simmons; L. C. Hoyle; D. A. Vason, for defendants.

Jackson, Justice.

A motion was made for a new trial in this case, on the ground, among others, that the verdict was contrary to law and evidence, and without evidence to support it.  The court granted the motion and Johnson & Smith, who were the complainants below, excepted.  The case was a bill

filed to foreclose mortgages and establish the lien thereof against judgments junior to the mortgage lien. The case was here in part before, and is reported in 56 *Ga.*, 33. The present plaintiffs in error then claimed part of this property when levied on by Wheelock's *fi. fa.*, and it was found subject to pay the judgment because the deeds were founded upon a usurious consideration, and the title therefore void.

The claimants then, who are the complainants now, and plaintiffs in error here, filed this bill against Wheelock and other holders of judgments against Lee & Fulton, to foreclose the deeds as equitable mortgages against Lee & Fulton, and to subject the lands to pay their debt before Wheelock's judgment and the judgments of the other defendants were paid, all of which were younger than the date of the deeds. The jury found in favor of the complainants and subjected the lands to be first applied to pay the mortgages which they directed foreclosed, and postponing the judgment creditors until the complainants were paid. A new trial was granted. We see no error in granting it. The deeds on their faces were absolute, and they were so recorded. There was no record of any mortgage, equitable or otherwise, and the judgment creditors had no notice of any mortgage lien of the complainants. Therefore, without going into other questions, the verdict was against law as to the judgment creditors.

2. The effect of overruling the demurrer was to require the defendants to answer, and is an adjudication that complainants are entitled to some relief. They certainly have the right to foreclose the mortgages and were entitled to go on for that purpose. But the precise extent of that relief was not determined. If the demurrer had gone to a particular part of the bill, as to that the defendants might have been concluded. 14 *Ga.*, 168; 60 *Ib.*, 488; Code, §§1955, 1957.

Judgment affirmed.