## HIGHTOWER *vs.* BEALL, SPEARS & CO.

Where a deed was made to secure a debt, which was afterwards sued
on and judgment confessed, a deed back to the debtor made and
the *fi. fa.* levied on the land, the defendant could not set up that
the deed was void by reason of usury in the debt, the record
showing no indication thereof.   Nor could the wife of the debtor,
who obtained a homestead subsequently to the making of the se-
curity deed, plead such usury as against the judgment.

Judgments.   Homestead.   Debtor and creditor.   Usury.
Before Judge POTTLE.   Hancock Superior Court.   April
Term, 1880.

Reported in the decision.

J. T JORDAN, for plaintiff·in error.

CHAS. DUBOSE, for defendant.

CRAWFORD, Justice.

The error complained of in this case is the refusal of the judge below to grant the claimant a new trial, insisted upon ·mainly because the court had rejected as evidence the books of accounts of the plaintiffs, which were offered by the claimant, to show usury in the debt on which the plaintiffs' judgment was founded, and to secure the payment of which the deed to the plaintiffs was given.

Hightower, the husband, had executed the deed in controversy, to secure the payment of a debt which had been sued to judgment, a *fi. fa.* issued thereon, a deed back to the grantor filed and recorded, the land levied upon, and claimed by the wife under a homestead younger than the deed.

The object in offering the plaintiffs' books, was to show that usury had been charged the grantor on his original account; but the court held that if the deed had been given to secure *the debt* on which *the judgment* was founded, and the record of that case showed that there was no usury set up, and none appeared, and that there was a confession of judgment, then, as against *that judgment*, no usury could be pleaded in avoidance of the deed.

We think that the court ruled the law correctly, as between the parties before him, having, also, as he did, the record showing the original claim with the entire proceedings without a trace of usury therein, and concluding with a confession of judgment by the grantor.

He, the grantor, could not have set up any defense afterwards against the plaintiffs, nor could his wife, because judgments not only bind the *parties* to the suit, but all who claim under them.

But it is claimed by the counsel for plaintiffs in error, that the ruling in the case of *Johnson vs. The Griffin Banking and Trust Company*, 55 Ga., 691, controls this case. We do not think so. There, there was usury in the deed, and upon a bill filed to subject the land to sale, it was admitted, and a consent decree taken only for the principal sum loaned, with the lawful interest thereon. This court held that the purging after the death of the grantor could not make a void deed good.

In this case the record showed the contrary, and was conclusive upon the parties thereto and their privies.

The case of *Johnson & Smith vs. Wheelock*, 56 Ga., 33, is also claimed to be in point. But in that case Lee & Fulton had made Johnson & Smith deeds tainted with usury, and Wheelock simply subjected the land to the payment of the debt because the deeds were void as title. *There* the usury was established, as in the case of *Johnson vs. The Griffin Banking and Trust Company*. Here the record negatived usury, and the judgment vindicated it against the taint, and was conclusive.

Judgment affirmed.