BOWEN *v.* SAMUELS.

No. 16519.   FEBRUARY 14, 1949.

720

*Walter A. Sims* and *Joseph S. Crespi,* for plaintiff in error.
*Gordon Newman* and *Louis A. Burton,* contra.

WYATT, Justice. ■ With reference to the general demurrer, the question presented to this court is, did the petition set forth a cause of action for any of the relief sought? "Where the demurrer going to the whole bill is overruled, it is an adjudication that the complainant is entitled to some relief, but the extent of the relief is still an open question." *Johnson & Smith* v. *Wheelock,* 63 *Ga.* 623 (2). "A petition which, though defective, sets forth a cause of action is not subject to be dismissed on general demurrer." *Lowery Lock Co.* v. *Wright,* 154 *Ga.* 867 (1) (115 S. E. 801).

In the instant case the petition alleged a breach of contract as a result of which there was a total failure of consideration, and that the plaintiff had parted with property valued at $800. Certainly as to the recovery of this amount, the petition set forth a cause of action. This court is required to look no further. See *Peoples Loan Co.* v. *Allen,* 199 *Ga.* 537, (34 S. E. 2d, 811). The judgment overruling the general demurrer must be affirmed.

■ The special demurrer was as follows: "Defendant demurs specially to paragraphs 4, 5, 6, 8, 9, 10, 11, 12, 14, 16, 17, 18, 19, 20, on the ground that each and every one of said paragraphs are mere conclusions of the pleader without any facts or allegations to support or warrant the same, and should be each and all stricken." In *Veal* v. *Beall,* 189 *Ga.* 31 (2), 34 (5 S. E. 2d, 5), this court held: "Where a special demurrer attacks 13 paragraphs of the answer on the ground that they are immaterial and irrelevant, and are mere conclusions, such demurrer is too vague and uncertain to require a ruling thereon." See also *Johnson* v. *Hopkins,* 145 *Ga.* 817 (2) (90 S. E. 60). Portions of the paragraphs demurred to as being conclusions of the pleader were

clearly not subject to the criticism lodged against them; and, since the demurrer fails to point out with particularity the parts of the stated paragraphs which are defective, the demurrer itself is defective and insufficient. The trial judge did not err in over-ruling this ground of special demurrer.

*Judgment affirmed. All the Justices concur.*