22169.   CHARLES S. MARTIN DISTRIBUTING
COMPANY, INC. et al. v. ROBERTS.

Argued September 10, 1963—Decided January 10, 1964.

528

530

*Chas. L. Henry*, for plaintiffs in error.

*Warren Akin, T. L. Shanahan*, contra.

QUILLIAN, Justice. ■ The first assignment of error contained in the bill of exceptions is that the trial judge erred in entering an order providing the manner in which the defendant was to be served; the second complains of a judgment overruling and denying the defendant's traverse of the sheriff's return of service and the third excepts to the judgment entered by the judge overruling and denying the defendant's plea to the jurisdiction. The plea to the jurisdiction placed in issue the court's jurisdiction of the defendant's person but did not allege the court did not have jurisdiction of the subject matter of the case.

The order overruling and denying the plea to the jurisdiction referred to appears in the record. It reads: "The above plea to the jurisdiction as amended coming on regularly to be heard, after hearing evidence thereon, the same is overruled and the plea to the jurisdiction as amended is denied." The evidence submitted upon the hearing to the trial judge in reference to the plea to the jurisdiction is not contained in the bill of exceptions

or disclosed by the record. The rule of practice as stated in *Giles v. Peachtree Pantries, Inc.*, 209 Ga. 536, 537 (74 SE2d 545), is: "A determination of the question presented involves necessarily a consideration of the evidence; and questions involving a consideration of the evidence will not be considered by this court where the evidence is not properly brought up. *Sayer v. Brown*, 119 Ga. 539 (46 SE 649); *Smith v. Zachry*, 128 Ga. 290 (57 SE 513)." Essential to the jurisdiction of a court over the person of the defendant is validity of service or waiver of service. *Carter v. Smith & Sons*, 5 Ga. App. 804 (1) (63 SE 932). Consequently, where a plea to the jurisdiction is denied upon evidence submitted to the court and the evidence is not brought up in the record to this court, it will be presumed that the evidence submitted to the trial judge showed a valid service upon the defendant or the waiver of such service.

There was no error shown by the first three assignments of error, relating to the order providing the way the defendant was to be served, the traverse to the sheriff's return and the plea to the jurisdiction.

■ The remaining assignment of error is that the trial judge erred in overruling the general demurrer to the amended petition. The demurrer attacked the petition as a whole and hence the familiar rule is applicable: "If a petition alleges a cause of action good either at law or equity, it will not be dismissed on the ground that it sets forth no cause of action." *Southern Feed Stores v. Sanders*, 193 Ga. 884, 886 (20 SE2d 413); *Bowen v. Samuels*, 204 Ga. 718 (1) (51 SE2d 667). The prayers for relief contained in the petition were: "For an accounting by defendant Martin Company and verdict and judgment fixing the true and correct balance of principal and accrued interest due and owing by plaintiff to the defendants or either of them, vis-a-vis principal or assigns; for temporary and permanent injunction against defendants and each of them, restraining and enjoining them from paying out the proceeds of said sale and requiring them to pay and deposit said proceeds of said sale with the clerk of this court until further order of court; for such other and further relief as to the court may seem meet and proper." The bill of exceptions recites: "The proceeds from the

sale of the property was paid over to the Clerk of the Superior Court of Gordon County, pursuant to the order of court dated September 1, 1961, but was thereafter paid out under an order of court providing for the disbursement of the funds derived from the sale of the property."

The record transmitted to this court discloses the order of the trial judge entered on September 29, 1961, disbursing the money realized from the sale conducted under the power contained in the deed to secure debt: $9,151.95 to the Martin Company or its assigns, $484.13 to the plaintiff and $363.92 for taxes. There was no exception taken to this order. From the facts here related it is apparent that the questions of the sufficiency of the petition to set forth cause to restrain the defendant from paying out the proceeds of the sale and the plaintiff's right to have such funds paid into court became moot before the trial judge passed upon the demurrer on May 30, 1963.

■ The final question for consideration is the sufficiency of the petition to set forth the plaintiff's right to an accounting.

The sufficiency of the petition to set forth the plaintiff's right to an accounting depends upon whether the facts alleged showed "that on an accounting the petitioner will likely be entitled to recover judgment for some amount." *Hancock v. Gunter*, 195 Ga. 646 (3) (24 SE2d 772); *Gould v. Barrow*, 117 Ga. 458 (43 SE 702); *Smith v. Hancock*, 163 Ga. 222 (5) (136 SE 52). We think the petition did meet this standard and set out facts from which it appeared with reasonable certainty that when the property described in the deed was sold the proceeds of the sale would exceed the balance due on the secured debt and the plaintiff would upon the accounting be entitled to recover a substantial amount.

The trial judge did not err in overruling the general demurrer.

*Judgment affirmed. All the Justices concur.*