22675. COLLINS v. LYON, LYON & COMPANY, INC.

Argued October 12, 1964—Decided November 5, 1964—
Rehearing denied November 19, 1964.

*Ruffin & Watkins, J. D. Watkins, J. H. Ruffin, Jr.,* for plaintiff in error.

*Fulcher, Fulcher, Hagler & Harper, W. M. Fulcher,* contra.

Almand, Justice. David Collins, the plaintiff in error, filed his petition in the Superior Court of Richmond County for an accounting against Lyon, Lyon & Company, the defendant in error. In substance the petition alleged: that on January 31, 1958 the plaintiff in error transferred a described tract of land to the defendant by security deed to secure a promissory note of $7,500; that on November 14, 1958 the plaintiff transferred a described tract of land to the defendant by security deed to secure a promissory note of $3,000; that over a period of four

years the plaintiff shipped 211 bales of cotton to the defendant and the defendant has not accounted for the bales even though the plaintiff has demanded an accounting on several occasions; that plaintiff has sent to defendant a $2,000 bill for delivering fertilizer, but defendant has refused to pay any portion of the bill; that there was an outstanding security deed on the land conveyed by the security deed of January 31, 1958, and the defendant satisfied this security deed by paying $13,554.12 on November 30, 1959, to the widow of the grantor of the outstanding security deed; that from April 7, 1961, through May 11, 1962, plaintiff's employer turned over plaintiff's earnings to the defendant to be applied to any loan which plaintiff had with defendant, and that the total amount turned over to defendant during this period was $2,957.28, and that plaintiff has not received an accounting of this money although he has demanded an accounting from the defendant; that under the powers of sale in the security deeds of January 31, 1958, and November 14, 1958, the defendant sold the land described in said security deeds and received $14,000 in cash, and at the same sale the defendant purchased all of the remaining property described in the security deed of November 14, 1958, and has not accounted to plaintiff for the amounts of said sale over and above the original loan; that all records of the bales of cotton were kept at the principal place of business of the defendant, and that the plaintiff has never been allowed to see these records for the purpose of examination although he has made several demands to do so; that on information and belief the value of each bale of cotton was at least $150, the exact value being unknown to plaintiff; that plaintiff has no adequate remedy at law; that the defendant not only took 211 bales of cotton with an approximate market value of $31,000 and has never accounted to plaintiff for said amount, but defendant also sold the various properties described in the petition and reaped a profit of more than $19,000, and the defendant should be required to account to plaintiff for such moneys over and above the loans made by defendant on January 31, 1958, and November 14, 1958, and in order that the accounting may be done properly, the defendant should be required to show the actual market value of the 211 bales of cot-

ton. The prayers were for: (1) an injunction restraining the defendant from removing or destroying the records of his business; (2) the appointment of an auditor to determine what amounts were due to plaintiff from the defendant; (3) judgment for the amount due; (4) an accounting from the defendant of the market value of the bales of cotton and (5) process.

The bill of exceptions assigns error on the order sustaining a general demurrer to the petition.

The general demurrer was filed on the ground that: (1) the petition states no cause of action; (2) it appears from the petition that plaintiff has an adequate remedy at law; (3) there is no allegation of how much plaintiff owed defendant when the described property was sold; (4) the security deeds contained open-end clauses, and it was not alleged that there was no other indebtedness secured by the deeds.

We are of the opinion that the petition states a cause of action for an accounting and that the trial court erred in sustaining the general demurrer. In *Southern Feed Stores v. Sanders,* 193 Ga. 884 (2) (20 SE2d 413), it was held: "A petition for accounting, in which the plaintiff sets out facts indicating that something would be found due to him and resorts to equity to preserve the records of the business, which are in possession of the defendant, from removal or destruction pending the accounting, is not subject to dismissal on general demurrer on the ground that it alleges no cause of action, nor is it subject to special demurrer calling for a bill of particulars for the exact amounts." See also the cases cited in Division 2 of the *Southern Feed Stores* opinion, and *Martin Distributing Co. v. Roberts,* 219 Ga. 525 (3) (134 SE2d 587). The allegations in the amended petition, taken as a whole, are sufficient to show that the several sums received by the defendant from the sale of the land, the bales of cotton and other items of indebtedness alleged to be due the plaintiff by the defendant exceeded the total amount of the debts owed by the plaintiff to the defendant that were secured by the loan deeds. From the above cited cases, it appears that grounds 1, 2, and 3 of the general demurrer are without merit. As to ground 4, that the plaintiff failed to allege that there was no other indebtedness secured by the security deeds, the plaintiff is not

required to allege this in his petition, this being a matter of defense. *Reid v. Caldwell*, 120 Ga. 718 (5) (48 SE 191).

The trial court erred in sustaining the general demurrer.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., and Grice, J., who dissent.*

GRICE, Justice, dissenting. I dissent for the reason that the petition, properly construed, fails to allege that some amount would be found due the plaintiff upon the accounting he seeks and hence none of the relief prayed can be granted.

Of decisive significance are the open-end clauses in each of the security deeds, copies of which are attached to the petition. The instrument of January 31, 1958, recites that it was intended to secure payment of a note for the principal sum of $7,500, "together with any and all other indebtedness now owing or which may hereafter be owing by [the plaintiff] to [the defendant], however incurred, and all renewals or extensions of said indebtedness either in whole or in part." The instrument of November 14, 1958, recites the securing of a principal indebtedness of $3,000, together with an identically worded open-end clause.

While the plaintiff alleges that several transactions occurred whereby he was entitled to specific credits upon his indebtedness, he nowhere alleges that he is not indebted to the defendant in any amount under the security deeds. Also, while he alleges that the defendant made a profit from the sales of certain properties described in the petition, he does not allege that this was over and above all amounts owed the defendant, including the original debt and any additional indebtedness incurred pursuant to the open-end clauses.

Applicable here is the well established rule that a pleading must be construed most strongly against the pleader, and where an inference unfavorable to the right of a party claiming a right under such a pleading may be fairly drawn from the facts stated therein, such inference will prevail in determining the rights of the parties. A corollary, also applicable here, is that upon general demurrer it will be presumed that the plaintiff pleads his case in the light most favorable to his case.

In view of the open-end clauses, provided so as to secure indebtedness in addition to those initially incurred for $7,500

and $3,000, the inference which must be drawn from the allegations is that the plaintiff incurred an additional indebtedness, not mentioned in the petition and that, in the over-all, he actually owes the defendant some amount. Since the petition refers only to the specific indebtednesses of $7,500 and $3,000, we construe the aforementioned allegation as to "profit" to refer to profit over and above those named indebtednesses only. Therefore, insofar as is shown by the petition, there may be other debts which have been incurred pursuant to the open-end clauses.

In view of this, "the law will not do a vain thing and order an accounting, when the petitioner does not aver facts sufficient to indicate that something will be found to be due him by the defendant." *Bowman v. Chapman,* 179 Ga. 49 (2) (175 SE 241).

For the reasons stated above, I would affirm the judgment of the trial court.

I am authorized to state that Chief Justice Duckworth concurs in this dissent.