### 23168. CRABB v. WALLACE.

QUILLIAN, Justice. On May 24, 1965, the plaintiff, Tommy Ray Crabb, instituted an action against Mrs. Annie Ruth Wallace, named defendant, to recover damages and for injunction. The damages in a stated amount were alleged to be caused by the defendant's interfering with the plaintiff's occupancy and use of described premises and a certain driveway, and the injunction prayed was to restrain her from further acts

preventing the plaintiff's occupation of the premises and use of the driveway. The petition alleged the plaintiff's right to the premises and the use of the driveway was under a lease between the plaintiff and the defendant dated January 7, 1965, which was attached as an exhibit to the petition. The document attached as an exhibit was not a lease, but was an agreement upon certain stipulated conditions to lease the premises and grant the use of the driveway to the plaintiff and his co-partner William A. Wallace, Jr., d/b/a Sweetwater Stables. The instrument refers to these parties collectively as the "lessee." The contract also shows that prior to January 7, 1965, a large part of the premises was leased to the same "lessee" by the defendant, and that the former lease extended to April 1, 1965, but none of the terms of the former lease appear from the petition, except the date of its expiration.

The contract, attached as an exhibit and denominated in the petition a "lease," contained several conditions that would attach in the event the instrument became operative as a lease. The conditions were that the lessee agreed: "to repair septic tank damages incurred by construction on part of lessee"; "to pay for one-half of cost of both labor and material for a new & larger pump for water system at completion of installation"; "to complete a track suitable to both lessee and lessor within a reasonable length of time"; and that "lessor grants full driveway rights to lessee as long as lessee maintains all repairs and upkeep incurred by same." There was also contained in the document a provision: "Lessee is presently indebted to lessor in the amount of two thousand seven hundred and seventy-eight and 60/100 dollars to be paid in full by thirty days from this date, plus a rate of six percent interest on above mentioned amount or this lease is considered invalid at date due."

The trial judge sustained a general demurrer and dismissed the petition. The plaintiff excepted. *Held:*

1. The sufficiency of the petition to withstand a general demurrer depends upon whether it sets forth a cause for legal or for equitable relief. *Charles S. Martin &c. Co. v. Roberts*, 219 Ga. 525, 531 (2) (134 SE2d 587), and cases there cited.

2. In the present case the plaintiff bases his entire right to recover damages and have injunctive relief solely upon the contract dated January 7, 1965, but does not allege that he or the partnership in the transaction paid the prior debt of

$2,778.60 plus interest which, under the terms of the contract, was a condition precedent to the lease becoming operative, or complied with any of the other conditions of the contract necessary to give the plaintiff any right under the same. The petition set forth no cause of action.

*Judgment affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*

ARGUED OCTOBER 11, 1965—DECIDED NOVEMBER 4, 1965.

*Otis C. Bell,* for plaintiff in error.

*Crowe, Shipley & Martin, Juanita G. Martin, Hicks & Howard, G. Robert Howard,* contra.