### 25755. BOSTWICK BANKING COMPANY v. ARNOLD et al.

ARGUED JUNE 8, 1970—DECIDED NOVEMBER 12, 1970—
REHEARING DENIED DECEMBER 3, 1970.

*Fred Bartlett, Jr., Twitty & Twitty, Frank S. Twitty,* for appellant.

*E. Louis Adams,* for appellees.

HAWES, Justice. This case originated in the Superior Court of Calhoun County when Bostwick Banking Company filed suit against James A. Arnold and Marvin D. Smith on two promissory notes under seal. One note was dated July 2, 1968, in the principal sum of $15,000. The other was dated October 26, 1968, in the principal sum of $10,000. This note was in renewal of a note dated July 30, 1968 for $12,000. The defendants filed their joint answer which, as amended, alleged that P. T. Bostwick of the banking company, plaintiff, was to type in each of the notes above their individual signatures, "Sunshine Sales Corporation," claiming that said notes were intended to be the obligation of the Sunshine Sales Corporation and that the bank official, by failing to type "Sunshine Sales Corporation" above the defendant's signatures, so altered the notes as to relieve said Smith and Arnold from liability thereon.

Bostwick Banking Company filed a motion for a summary judgment. The trial judge passed an order thereon which stated, "after consideration of the issue made by pleadings, affidavits, deposition and interrogatories, it being agreed by the parties that all of same were made part of the record in this motion, and after submission of briefs by both parties, and having taken the matter under advisement until this date, it is considered, ordered and adjudged that the motion of plaintiffs for summary judgment is granted and judgment is rendered for the plaintiff as prayed, for the amount sued for." Thereafter, an order and judgment was entered for the plaintiff in the amount sued for plus interest, attorneys' fees and costs. From this order and judgment the defendants appealed to the Court of Appeals wherein they contended that the granting of the motion for a summary judgment was contrary to the pleadings and evidence and that said judgment was contrary to law.

The Court of Appeals held, in part, that where it appears from the evidence that there remains a genuine issue as to any material fact, the motion for summary judgment should be denied, and

that the conflicting testimony as to the material alteration of the instrument makes a question for jury determination, and the trial court erred in granting a summary judgment." Motion for rehearing having been denied, Bostwick Banking Company made application to this court for certiorari.

The appellant in this court, the plaintiff in the trial court, contends that the Court of Appeals erred in ruling that under *Code Ann.* § 109A-3—403 (Ga. L. 1962, pp. 156, 257) if the representative does not show he signed in a representative capacity he is personally obligated, and in then going further and holding that defendants could show that the notes were intended to be the obligations of the corporation and not obligations of the individuals who signed the notes.

Believing, as has often been held, that the four corners or the face of a note tell the story and that the instrument itself is the best evidence of the intent of the parties, we set forth the substance of the two notes sued on as follows:

$15,000.00                                            Arlington, Ga. 7-2-68
6 months—3-2-69 after date *we* jointly and severally promise to pay to
   The order of Bostwick Banking Co.
   At Bostwick Banking Co., Arlington, Georgia
                    Fifteen Thousand Dollars
with interest from maturity . . . [body of note omitted] Value received
   Given under the hand and seal of each party.
No. 8794                                         Marvin D. Smith (Seal)
Due 3-2-69                                       James A. Arnold (Seal)
   This was the first note signed by Smith and Arnold.
$10,000.00                                     Arlington, Ga., 10-26-68
3 Mo. 1-30-69 after date, we jointly and severally promise to pay to the order of Bostwick Banking Co.
   At Bostwick Banking Co., Arlington, Ga.
                    Ten Thousand Dollars
with interest from maturity . . . [body of note omitted] Value received.
   Given under the hand and seal of each party.

No.                                          Marvin D. Smith (Seal)
Due 1-30-69                                  James A. Arnold (Seal)

This latter note was given in renewal of the following note.

$12,000.00                          Arlington, Ga., 7-30-1968

3 Mos. 10-30-68 after date We, jointly and severally promise to pay to the order of Bostwick Banking Co.

At Bostwick Banking Co., Arlington, Ga.

Twelve Thousand and no/100 _____Dollars

with interest from maturity . . . [body of note omitted] Value received

Given under the hand and seal of each party.

No. 8852                                     J. A. Arnold (Seal)
Due 10-30-69                                 Marvin D. Smith (Seal)

There really is no genuine issue as to any of the material facts. The defendants admit that they signed the notes. There is no evidence that anything has been paid on said notes and they acknowledge that they received notice from plaintiff's attorney of intention to file suit and claim attorney's fees. Bostwick Banking Company contends that it agreed to lend $25,000 to Arnold and Smith, but that the loans were to be made to them individually and that it was only on this basis that the board of directors approved the loans. The defendants' defense to the suit on the notes was based solely on their contention that they had an agreement with the plaintiff's Mr. P. T. Bostwick that when the notes were received by the bank he was to write above and opposite their individual signatures the words "Sunshine Ford Sales Company, By:" This was denied by Mr. Bostwick.

The record shows that on May 1, 1968, Marvin D. Smith was issued 285 shares of stock in the Sunshine Sales Corporation. Mr. Arnold, on the same date, was issued 190 shares. Mr. Arnold's wife owned 10 shares and Mr. Smith's wife owned 15 shares. The fact that this stock was put up as collateral for the loan is no evidence that it was considered a corporate loan. Had the note been signed in the name of the corporation with a corporate seal with a resolution of the board of directors authorizing the officers to negotiate the loan, a pledge of the stock would not have been necessary since the affixing of the corporate name and seal to the instrument would cover the total assets of the corporation. But

there was no corporate resolution authorizing the negotiation of these loans on file with the bank. The only authorization on file with the bank was with respect to the commercial account of Sunshine Ford Sales, Inc., which authorized the bank to recognize the signatures of Marvin D. Smith, as president, and Mrs. Marvin D. Smith, as secretary and treasurer.

The physical evidence as exhibited by the notes shows that it would have been impossible to write in the name "Sunshine Sales Corporation" above the signatures of the defendants affixed thereon without typing over the writing above the signatures. The fact that no room was left above the signatures of the defendants on the notes for inserting the corporate name strongly militates against the defendants' contention. It is interesting to note that the notes are not signed with any consistency. The $12,000 note was signed by J. A. Arnold and Marvin D. Smith, but on the other two notes the order of their signatures was reversed. These signatures were all unqualified. In each of these notes these parties indivudually were the makers. It was within their power by the stroke of the pen, if they intended the notes to be the corporate debts, to write above their names "Sunshine Sales Corporation" and to indicate beside their names that they signed in a representative capacity. The Sunshine Sales Corporation went bankrupt and the petition in bankruptcy was signed by Marvin D. Smith, president. The original schedule of creditors which was annexed to the bankruptcy petition, though not shown as part of the record, seems not to have included the notes sued on, for an amendment to the debtor's petition filed 19 days after the original petition listed the two notes involved in this suit as debts of the corporation. The reason given for failing to list them originally was that "petitioner's attorney had listed said notes in his files as the personal debts of the officers of the corporation."

One who executes a note in his own name with nothing on the face of the note showing his agency cannot introduce parol evidence to show that he executed it for a principal, or that the payee knew that he intended to execute it as agent. Moore v. Webster, 191 Wash. 394 (71 P2d 369); Coal River Collieries v. Eureka Coal & Wood Co., 144 Va. 263 (132 SE 337, 46 ALR 485);

Toon v. McCaw, 74 Wash. 335 (133 P 469, LRA 1915A 590); Murphy v. Reimann Furniture Mfg. Co., 183 Ore. 474 (193 P2d 1000); Lazarov v. Klyce, 195 Tenn. 27 (255 SW2d 11); Betz v. Bank of Miami Beach (Fla.), 95 S2d 891. A court may take judicial notice that the signature of an individual on the face of a note, at the bottom on the right, without limiting or descriptive words before or after it, is the universal method of signing a contract to assume a personal obligation. Lazarov v. Klyce, 195 Tenn. 27, supra.

The Georgia law is in accord with the foregoing rules. It is well established in Georgia that parol evidence is not admissible to add to, take from or vary the terms of an unambiguous written contract. *Code* § 20-704 (1); *Thomas v. Eason,* 208 Ga. 822 (2) (69 SE2d 729). Under the Uniform Commercial Code enacted in Georgia in 1962, "An authorized representative who signs his own name to an instrument . . . is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity." *Code Ann.* § 109A-3—403 (2) (a). Even though the instrument may name the person represented, the one who signs in a representative capacity may still be personally liable on the instrument if by his manner of signing he does not clearly indicate that he is signing in a representative capacity or if the instrument does not name the person represented but does show that the signer thereof signed in a representative capacity. *Code Ann.* § 109A-3—403 (2) (b).

Alteration of the instrument sued on is not involved in this case. There was no alteration of the instruments sued on but a mere failure to insert the name of the party claimed by the defendants to be liable thereon, which is a matter under the foregoing rules of law that the defendants are barred from asserting. Neither is this a case involving fraud in the procurement of the instrument, nor is it a case involving a conditional delivery such as were *Rawleigh Co. v. Royal,* 30 Ga. App. 706 (119 SE 339), and *Hansford v. Freeman,* 99 Ga. 376 (27 SE 706). It follows that the Court of Appeals erred in reversing the trial court and in holding that the plaintiff was not entitled to a summary judgment.

*Judgment reversed. All the Justices concur.*