## 52014. PHILLIPS et al. v. HERTZ COMMERCIAL LEASING CORPORATION.

ARGUED APRIL 12, 1976 — DECIDED APRIL 22, 1976.

*Scheer & Elsner, Robert A. Elsner, Robert L. Coley,* for appellants.
*Lipshutz, Zusmann, Sikes, Pritchard & Cohen, H. William Cohen,* for appellee.

DEEN, Presiding Judge.
Neither appellant's original complaint or his amended one sets forth the affirmative defense of fraud, as required by Code Ann. § 81A-108 (c), generally or with particularity under Code Ann. § 81A-109 (b). Fraud may not be raised for the first time on appeal. Bunge Corp. v. Recker, 519 F2d 449; Ranger Ins. Co. v. Culberson, 454 F2d 857, 862, cert. den. 407 U. S. 916 (92 SC 2440, 32 LE2d 691). The failure of the appellant to plead the affirmative defense of fraud precludes him from offering evidence on such defense at trial. *Stalvey v. Osceola Industries, Inc.,* 124 Ga. App. 708 (185 SE2d 629). This being so, evidence that the appellee's agent fraudulently induced the appellant's signature is not properly within the appellant's affidavit. Code Ann. § 81A-156 (e).
We are thus left with the appellant's contention that he did not "intend" to be personally bound by the second signature and that the words "as an individual" were added later and not by him. "A court may take judicial notice that the signature of an individual on the face of a note, at the bottom on the right, without limiting or descriptive words before or after it, is the universal method of signing a contract to assume a personal obligation. . . Even though the instrument may name the person represented, the one who signs in a representative capacity may still be personally liable on the instrument if by his manner of signing he does not clearly indicate that he is signing in a representative capacity. . ." *Bostwick Banking Co. v. Arnold,* 227 Ga. 18, 23 (178 SE2d 890). Parol evidence is not admissible to add to, take from

or vary the terms of an unambiguous written contract. Code § 20-704 (1). Since the appellant's signature without more holds him personally liable, the alleged alteration by addition of the words "as an individual" does not affect that liability, is mere surplusage and not material. Code § 20-802.

The evidence, construing it most strongly in appellant's favor, shows he signed the contract twice, once indicating his representative capacity and once indicating no such capacity and that the words "as an individual" were added later after his individual signature but added nothing to his liability. In the absence of allegations of fraud (*Hansford v. Freeman,* 99 Ga. 376 (2) (27 SE 706)), and on the authority of *Bostwick Banking Co. v. Arnold,* 227 Ga. 18, supra, we affirm the grant of summary judgment.

*Judgment affirmed. Quillian and Webb, JJ., concur.*