## 58499. BARNETT v. LEASING INTERNATIONAL, INC.

McMURRAY, Presiding Judge.

On January 19, 1977, Public Security Management Corporation leased a motor vehicle from Leasing International, Inc. The written lease was executed by "Public Security Mgmt. Corporation," as lessee, bearing the signature of "Richard P. Proft V. Pres." Immediately underneath the corporate signature were signatures of Richard P. Proft and B. E. Barnett. Thereafter was the statement, to the left and below their signature, in writing, "Payments and performance guaranteed by *B. E. Barnett & Richard Proft.*"

On September 1, 1978, Leasing International, Inc. sued Public Security Management Corporation and B. E. Barnett following the alleged default of the named lessee and demand for payment made upon and refusal by the defendant B. E. Barnett. Plaintiff contends defendant B. E. Barnett executed and delivered to it an absolute, unconditional personal suretyship, guaranteeing thereby the full performance and payment due under the terms of the above-described lease agreement. The lease itself was attached to the pleadings.

The corporate defendant failed to answer and is now in default. The defendant Barnett answered admitting jurisdiction but denying the claim and alleging he was not

a lawful agent of the corporate defendant; denied the various averments of the complaint, and added a number of other affirmative defenses, including fraud and deceit, and that even if he was a surety, which was expressly denied, he had been discharged by the conduct of the plaintiff in handling the transaction.

Plaintiff moved for summary judgment in its favor either for a complete judgment or a partial summary judgment "determining which issues may be hereby adjudicated and which will remain for trial." In response to the motion the defendant filed his affidavit in which he deposed that his signature to the so-called "Lease Agreement" document attached as Exhibit "A" to the complaint was procured by the fraud and deceit of the plaintiff, that he went with his partner, Richard P. Proft "to drive him [Proft] to the Leasing International premises so that the car could be picked up by him [Proft] . . . [that he (Barnett)] . . . had nothing to do with the arrangements for the transaction," but he was told by Proft and a salesman from Leasing International that "by law a second corporate signature was needed on the lease document," nothing being said to him (Barnett) about a personal, individual guarantee and that his signature was only as a second corporate signature. He further deposed that he signed the document below Proft's name and that the line after the words "payments and performance guaranteed by: ———— " was blank when the document was presented to him "for my second corporate signature." He deposes and contends therein that his name and the name of Richard Proft were later typewritten in this space and that this document was never authorized or signed by him (Barnett).

After a hearing the motion was partially granted as to four particulars including there was no basis in law or fact for the defendant's claim for rescission on the grounds of fraud and there was no discharge of defendant's liability by any novation or increase of the risk. Defendant appeals, enumerating error to these two holdings which had the effect of striking defendant's third and fourth defenses to the action. *Held:*

1. One who signs a document and does not show he signed the document "in a representative capacity" is

personally obligated under Code Ann. § 109A-3—403 (Ga. L. 1962, pp. 156, 257). "One who executes a note in his own name with nothing on the face of the note showing his agency cannot introduce parol evidence to show that he executed it for a principal, or that the payee knew that he intended to execute it as agent." *Bostwick Banking Co. v. Arnold,* 227 Ga. 18, 22—23 (178 SE2d 890). See also Code Ann. § 20-704 (Ga. L. 1964, pp. 414, 415); *Phillips v. Hertz Commercial Leasing Corp.,* 138 Ga. App. 441, 442 (226 SE2d 287).

Here the defendant Barnett admits he executed the instrument but contends that he did so in a corporate capacity at the request of the plaintiff's representative or agent. Be that as it may, under Code Ann. § 109A-3—403, supra, he is "personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity." Accordingly, the trial court did not err in granting partial summary judgment with reference to defendant Barnett's allegation of fraud since he is bound by his signature regardless of whether or not he was signing as he contends in only a representative capacity. See *Ansley v. Forest Ser., Inc.,* 135 Ga. App. 745, 748 (2) (218 SE2d 914); *State Farm Fire & Cas. Co. v. Fordham,* 148 Ga. App. 48, 50 (250 SE2d 843).

2. "Any act of the creditor, either before or after judgment against the principal, which injures the surety or increases his risk, or exposes him to greater liability, shall discharge him; . . ." Code § 103-203. Defendant contends that in the event he be determined to be a surety (guarantor) under this instrument that he has been released under the above statute in that the plaintiff failed to advise him of the delinquency or the repossession of the automobile when the delinquency occurred and that plaintiff allowed the automobile to depreciate, increasing the risk "of any so-called guarantor." We know of no provision of law which would require that a surety/guarantor be notified of the principal debtor's default. See *Peachtree Roxboro Corp. v. U. S. Cas. Co.,* 101 Ga. App. 340, 346 (114 SE2d 49); *McMullan v. Community Acceptance Corp.,* 78 Ga. App. 616, 618 (51 SE2d 575). See also *Georgian Co. v. Jones,* 154 Ga. 762 (1) (115 SE 490);

*Hunnicutt v. Perot,* 100 Ga. 312 (2) (27 SE 787); *Connor v. Hodges,* 7 Ga. App. 153 (3a) (66 SE 546). "[A] mere failure by the creditor to sue as soon as the law allows, or neglect to prosecute with vigor his legal remedies, unless for a consideration, shall not release the surety." Code § 103-203, supra; *Timmons v. Butler, Stevens & Co.,* 138 Ga. 69, 70 (74 SE 784). See also *Tatum v. Morgan,* 108 Ga. 336 (33 SE 940). Whether or not the defendant was a principal, endorser, or surety/guarantor, there has been no showing that the plaintiff entered an agreement with the principal, without the consent of the alleged surety/guarantor to extend the time of maturity as fixed by the obligation so as to release the surety as was the case in *Benson v. Henning,* 50 Ga. App. 492, 493 (2) (178 SE 406). Thus no issue of fact was created as defendant contends, based upon Division 2 of the *Henning* case at page 493. Accordingly, the trial court did not err in granting a partial summary judgment in that there was no discharge of defendant's liability by any novation or increase of the risk.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

SUBMITTED SEPTEMBER 25, 1979 — DECIDED OCTOBER 11, 1979.

*Richard P. Decker,* for appellant.
*C. Cyrus Malone,* for appellee.