## 62566. SENS et al. v. DECATUR FEDERAL SAVINGS & LOAN ASSOCIATION.

DEEN, Presiding Judge.

The appellant is an intervenor in an injunction action filed by the appellee against appellant's son, Alan Sens, president of the co-defendant Southeast General Development Corp. The defendants had made eight loans and executed loan deeds covering eight condominiums in process of construction as security for promissory notes totaling something under a half million dollars principal. Appellant surety as further security pledged a personal savings account with the appellee. When the notes became in default, plaintiff and defendants agreed that on payment of the delinquency plus late payment and reinstatement fees authorized by the notes the savings and loan association would grant a 90-day moratorium, following which it would amortize out charges accruing during the moratorium over the remaining terms of the loans. The 90 days having passed, defendants again defaulted. The plaintiff then exercised its option to accelerate the remaining balance on the notes, and informed the appellant of this action, following which, as authorized under its pledge agreement with the appellant, it credited the latter's savings account to the unpaid balance of the loan. Thereafter, this foreclosure action was filed. Appellant intervened, urging among other things that the seizure of the amount remaining in his savings account was unauthorized because there had been a novation between the principal parties so as to release him as surety. Following settlement of the main case the court rejected the appellant's contentions, and this appeal followed.

1. The judgment is not contrary to equity and good conscience. Nor is it violative of Code § 67-1503. That statute provides simply for a confirmation of foreclosure sale to establish that the property brought its fair market value at the sale prior to the inception of an action for deficiency judgment. Plaintiff has sought no such deficiency, and consequently this rule of law has not been brought into play. The terms of the pledge itself were that in the event the association found it necessary to exercise the power of sale in its security deed after default, then upon acceleration of the debt appellant authorized it to credit any proceeds remaining in the appellant's savings account against the debt. This was done scrupulously in accordance with the contract terms.

2. Nor was there a novation so as to discharge the surety. The trial court succinctly summarized the legal situation as follows: While a novation without the consent of the surety releases him, there is no novation where there is no new consideration. *Tatum v. Morgan,* 108

Ga. 336 (33 SE 940) (1899); Code § 103-202. A debtor's promise to pay a debt already due creates no additional obligation; therefore, the creditor's agreement to allow a delay in payment is not an additional consideration. *Crawford v. Gaulden,* 33 Ga. 173 (1862). Payment of late charges or reinstatement fees authorized by the original contract does not furnish a new consideration. *Commercial Bank & Trust Co. v. Buford,* 145 Ga. App. 213 (243 SE2d 637) (1978); *Crawford v. First Nat. Bank,* 137 Ga. App. 294 (223 SE2d 488) (1976). Accordingly, none of these facts results either in a novation of the contract or an increase of risk to the surety. *Barnett v. Leasing International, Inc.,* 151 Ga. App. 715 (261 SE2d 452) (1979).

The pledged contents of the appellant's savings account were, under the contracts between the parties, properly applied by the association against the balance due it after default and notice but prior to foreclosure.

*Judgment affirmed. Banke and Pope, JJ., concur. Carley, J., disqualified.*

DECIDED SEPTEMBER 30, 1981.

*R. Jeffrey Morrison,* for appellants.
*Mike Mears, John Perry Cripe,* for appellee.