A06A2100. RIVERVIEW CONDOMINIUM ASSOCIATION, INC.
v. OCWEN FEDERAL BANK, FSB.

(645 SE2d 5)

MILLER, Judge.

In March 2004, Riverview Condominium Association, Inc. ("Riverview") filed a complaint against Ocwen Federal Bank, FSB (the "Bank") seeking distribution of excess proceeds received from the Bank's foreclosure of property owned by Riverview. Riverview also sought an equitable accounting of all proceeds received by the Bank pursuant to the foreclosure and attorney fees due to the Bank's alleged bad faith in failing to timely provide such an accounting. The Bank filed a motion for summary judgment, and Riverview filed a motion for partial summary judgment on its claims that it was entitled to an equitable accounting and attorney fees. Following the trial court's grant of the Bank's motion for summary judgment and denial of its motion for partial summary judgment, Riverview appeals. Discerning no error, we affirm.

On appeal from the grant or denial of a motion for summary judgment, this Court conducts a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant to determine whether the moving party is entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998).

So viewed, the record shows that Christopher Hundley was the assigned borrower under a security deed note in the principal amount of $74,300, and that the Note was subject to a security deed under which the Bank held a security interest in Hundley's condominium. After Hundley failed to pay condominium assessments to Riverview, Riverview obtained four liens against the property and ultimately received permission from the Superior Court of Cobb County to proceed with a sheriff's sale, which was held in March 2002. At that time, Riverview purchased Hundley's interest in the condominium for $2,000, subject to the Bank's interest pursuant to the security deed.

In October 2003, the Bank foreclosed on the condominium and purchased the property for $114,390. Riverview requested an accounting of the proceeds from the foreclosure sale, claiming that it was entitled to a distribution of any proceeds in excess of the amount secured by the security deed. The Bank claimed that the amount of principal remaining unpaid on the security deed note plus interest, late fees, escrow taxes, and expenses totaled $116,200.22, which was in excess of the proceeds from the foreclosure sale. As a result, the Bank concluded that there were no excess proceeds to distribute to Riverview. The underlying lawsuit followed.

1. Riverview claims that the trial court erred in denying its motion for partial summary judgment. We disagree.

Riverview sought an equitable accounting of the foreclosure sale proceeds under OCGA § 23-2-70 and alleges that the Bank failed to timely provide such an accounting. Riverview and the Bank also dispute whether Riverview owned the condominium at the time of the foreclosure sale. The Bank asserts that because Riverview did not own the condominium, it had no duty to provide Riverview with an accounting.

The sufficiency of a petition for an equitable accounting depends "upon whether the facts alleged showed that on an accounting the petitioner will likely be entitled to recover judgment for some amount." (Citation and punctuation omitted.) *Charles S. Martin Distrib. Co. v. Roberts*, 219 Ga. 525, 532 (3) (134 SE2d 587) (1964). Here, as discussed below, the record reveals that there were no "excess proceeds" from the foreclosure sale to which Riverview would have been entitled. As a result, regardless of whether Riverview was the owner of the condominium at the time of the foreclosure, the trial court properly denied Riverview's motion for summary judgment on its claim seeking an equitable accounting.

Moreover, as Riverview was not entitled to an equitable accounting, it also was not entitled to attorney fees under OCGA § 13-6-11 resulting from the Bank's failure to provide the same. The trial court, therefore, properly denied Riverview's motion for summary judgment as to its claim for attorney fees.

2. Riverview also claims that the trial court erred in granting summary judgment to the Bank because there was a factual dispute regarding the existence of excess proceeds from the foreclosure sale. Given that the Bank has demonstrated that there are no genuine issues of fact requiring jury resolution (see *Wilson v. Edward Don & Co.*, 275 Ga. App. 787 (622 SE2d 18) (2005)), we disagree.

(a) First, Riverview asserts that only one percent of the proceeds of the foreclosure sale could be applied to the costs and expenses of the sale, the expenses of insuring the property, and attorney fees related to the sale. Had the Bank limited such amounts to one percent of the proceeds, then the total secured debt would have been reduced so that $410.74 of the proceeds would have remained available for distribution to Riverview.[1]

Riverview's right to a distribution of excess proceeds from the foreclosure sale is governed by the security deed. See *Gordon v. South*

---

[1] The Bank claimed total expenses, costs, and fees of $3,364.86, which is $2,220.96 more than it would have been entitled to if such amounts were limited to one percent of proceeds. Reducing the total secured debt by $2,220.96 would result in secured debt of $113,979.26, which is $410.74 less than the foreclosure proceeds of $114,390.

*Central Farm Credit,* 213 Ga. App. 816, 817 (446 SE2d 514) (1994). Contract disputes are particularly well suited for summary adjudication because the construction of contracts is ordinarily a matter of law for the court. See, e.g., *Burns v. Reves,* 217 Ga. App. 316, 318 (1) (457 SE2d 178) (1995). Where the terms of a contract "are clear and unambiguous and capable of only one reasonable interpretation, the court is to look to the contract alone to ascertain the parties' intent." (Footnote omitted.) *Ga. Farm &c. Ins. Co. v. Gaster,* 248 Ga. App. 198, 199 (546 SE2d 30) (2001).

Here, the security deed provides that the proceeds of any sale shall be applied:

> *First.* To pay the costs and expenses of said sale, the expenses of protecting the property and an attorney's fee of Seventy-five Dollars ($75.00) or one per centum (1%) upon the amount of the sale, whichever sum shall be the greater.
> *Second.* To pay the indebtedness hereby secured.
> *Third.* To pay the surplus, if any, to the person or persons legally entitled thereto.

A plain reading of the security deed shows that the Bank was entitled to apply all actual costs and expenses of the foreclosure sale *in addition to* attorney fees of up to one percent of the sale proceeds. As a result, Riverview's contention that the foreclosure sale resulted in excess proceeds of $410.74 is without merit.

(b) Riverview also contends that the security deed did not secure amounts that Hundley deferred paying pursuant to certain agreements he entered with the Department of Housing and Urban Development and the Bank, which allowed Hundley to reduce the amount of his monthly payments (the "Forebearance Agreements").

In support of its claim that the Forebearance Agreements created a new debt that was unsecured by the security deed, Riverview cites *Bob Parrott, Inc. v. First Palmetto Bank,* 133 Ga. App. 447, 448 (1) (211 SE2d 401) (1974), in which we held that "[w]here the deed to secure debt identifies a particular debt, it cannot be extended to cover other debts except by a new agreement between the parties, subject to the rules governing recording and priorities." (Citation and punctuation omitted.) Here, however, the Forebearance Agreements did not create new debt, but rather reaffirmed the debtor's duty to pay the existing debt under the security deed note. Interest continued to accrue on the existing balance owed, and the security deed continued to secure payment of such interest and the unpaid principal.

We also reject Riverview's argument that the Forebearance Agreements nullified or invalidated the security deed. A debtor's promise to pay a debt already due creates no additional obligation;

therefore, a creditor's agreement to allow a delay in payment does not, barring an express provision to the contrary, invalidate the prior debt agreement. See *Sens v. Decatur Fed. S & L Assn.*, 159 Ga. App. 767, 768 (2) (285 SE2d 226) (1981). Here, the Forebearance Agreements expressly provided that "all the rights and obligations of the original note and mortgage, except as changed [herein], remain in full force." As a result, Riverview's contention that the security deed was nullified or invalidated is without merit.

Finally, Riverview takes issue with the trial court's order granting summary judgment to the Bank, claiming that it includes disputed facts and facts that are not supported by evidence in the record. However, "[u]nless the record is so poorly developed as to make legal analysis impossible, a trial court's grant of summary judgment that is right for any reason will be affirmed." (Citations omitted.) *Chapman v. C. C. Dickson Co.*, 273 Ga. App. 640, 641 (1) (616 SE2d 478) (2005).

Having found Riverview's challenges to the Bank's accounting of the foreclosure proceeds to be without merit, we hold that the trial court properly determined that there were no "excess proceeds" from the foreclosure available for distribution to Riverview. As a result, summary judgment to the Bank was proper.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED MARCH 13, 2007 —
RECONSIDERATION DENIED APRIL 12, 2007 — ▮

*Lipshutz, Greenblatt & King, Randall M. Lipshutz*, for appellant.
*Macey, Wilensky, Kessler, Howick & Westfall, Susan L. Howick, David R. Dolinsky*, for appellee.