## McCranie v. Rigsby.

Atkinson, J.  A defendant in ejectment pleaded exercise of an option to purchase the land, as contained in a lease contract between the parties, and tender of the stipulated purchase-price during the life of the option; and prayed for specific performance by execution of a deed to the land. The judge directed a verdict for the defendant. The exception is to a judgment overruling the plaintiff's motion for a new trial.

1. The written lease signed by the lessor and lessee on October 25, 1921, specified that the land was leased "for the purpose of erecting and maintaining a gasoline service station thereon," and contained the following clauses: "2. Said lease shall extend for a period of five years, beginning November 1st, 1921, and ending October 31st, 1926. 3. The party of the second part is to have the right and privilege of purchasing the property above described, within a period of five years from November 1st, 1921, at a price of $3,500. 4. The party of the second part shall pay to the party of the first part the sum of $20 per month in advance; and upon the party of the second part failing to or refusing to pay the monthly rental at any time during the continuance of this lease on or before the tenth day of the month to the party of the first part, [he,] his heirs or assigns, shall have the right to terminate this lease and retake possession of the premises. Said party of the second part shall have the privilege of subleasing said premises without obtaining permission of said party of the first part, said party of the second part to remain liable to said party of the first part for all rents occuring during said subtenancy." At the time of the lease the land was vacant, and the lessee immediately erected a gasoline service station thereon at a cost exceeding $2000, and thereafter operated the business, the lessee paying and the lessor receiving the stipulated monthly rentals for several years. *Held:*

(a) The judge did not err in overruling the plaintiff's motion to exclude from evidence the above-quoted clause 3 of the lease, granting to the lessee an option to purchase the land, upon the ground that such stipulation was nudum pactum and unilateral.

(b) The agreement to pay rent by the lessee and the erection of improvements for the purposes of the contract was consideration for the whole contract. *Black* v. *Maddox*, 104 *Ga.* 157 (30 S. E. 723); *Walker* v. *Edmundson*, 111 *Ga.* 454 (36 S. E. 800). The option to purchase, being based on a valuable consideration, was not void on the ground that it was unilateral.

2. The uncontradicted evidence showed that from inception of the contract the lessee paid the monthly rentals by check, prior to the tenth of the month, until August, 1925. On August 8, 1925, the lessee issued a check for $20, on which was a marginal note, "Apply on purchase-price of lot," and enclosed it with a letter addressed to the lessor, stating that the "check according to the agreement or contract should be credited on the purchase-price," and asking for an engagement to complete the payment. The envelope in which the letter was mailed bore the postmark August 13. The lessor after receiving the package retained it without opening it, testifying at the trial that his reason therefor was "that the pay-

ment was several days overdue." The lessor did not notify the lessee of these facts, and they were not known to him until disclosed by the lessor's testimony at the trial. In September a formal tender in money of the entire stipulated purchase-price, with demand for a deed, was made by the lessee upon the lessor. The demand was refused. The lessor did not attempt to "terminate" the lease under the provisions of the fourth clause thereof, on account of failure to pay the August rent in 1925, but continued thereafter to receive rents as theretofore. The defendant lessee testified that he did not pay rents after the demand in September, while the plaintiff lessor testified that the monthly rentals were paid as late as 1927 after the five-year term of the lease had expired. On the trial the controlling question was whether the foregoing evidence demanded a verdict for the defendant. *Held:*

(*a*) The option to purchase expressed in the contract was upon a valuable consideration, and was valid.

(*b*) Payment of rent was only part of the consideration; and if, in the circumstances shown by the evidence, failure to pay the August rent on or before the tenth day of that month would be such breach of the contract as would ordinarily defeat the right to specific performance, the failure of the lessor to repudiate the contract upon that ground promptly, and the subsequent acceptance of the monthly rentals under the contract without complaint, would as matter of law constitute a waiver, and the breach would not be ground for refusal to make a deed, where, within the time specified in the contract, the lessee notified the lessor of his intention to exercise his option to purchase and tendered the stipulated purchase price.

(*c*) The fact that prior to the suit in ejectment the lessee brought suit against the lessor for specific performance, and after answer by the defendant the plaintiff dismissed his suit, did not render the verdict erroneous in the subsequent ejectment suit instituted by the lessor, the verdict being in favor of the lessee on his answer in the nature of a cross-action for specific performance.

3. The judge did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

No. 8053. JUNE 11, 1931.

*Fulwood & Forrester,* for plaintiff.
*C. A. Christian,* for defendant.