## SOUTHERN FEED STORES *v.* SANDERS.

No. 14056.   MAY 21, 1942.

*T. J. Lewis* and *Harry M. Wengrow,* for plaintiff in error.

*J. C. Murphy* and *Bond Almand,* contra.

REID, Chief Justice. ■ The exceptions of fact attack each and all of the auditor's findings of fact. These findings related to the contract, whether it was changed by mutual consent, the operation of the store thereunder, and finally a determination of whether the rents had been improperly charged and retained by the defendant; all of which sustained the contentions of the plaintiff and found against those of the defendant, resulting in a finding for Sanders of half of the rents. On most of the questions involved there was conflicting evidence, but sufficient evidence was adduced to authorize the auditor to find as he did. Accordingly, the exceptions of fact and assignments of error on the disapproval thereof are without merit. *Peyton* v. *McMillan,* 145 *Ga.* 179 (7), 180 (88 S. E. 937); *Cowart* v. *Singletary,* 140 *Ga.* 435 (2) (79 S. E. 196, 47 L. R. A. (N. S.) 621, Ann. Cas. 1915A, 1116).

■ Exception 1 of the exceptions of law complains of the overruling of the demurrers to the petition. The demurrers were that the allegations were insufficient to constitute a cause of action; that no amounts were set out; and that the allegations were too vague to be the basis of a recovery. If a petition alleges a cause of action good either at law or equity, it will not be dismissed on the ground that it sets forth no cause of action. *Smith* v. *Hancock,* 163 *Ga.* 222, 229 (136 S. E. 52); *Smith* v. *Manning,* 155 *Ga.* 209 (116 S. E. 813); *Gibson* v. *Gibson,* 180 *Ga.* 457, 461 (179 S. E. 354). In the instant case injunction was prayed, and the court granted a restraining order. The plaintiff resorted to equity to preserve the records of the business, which were in the possession of the defendant. In an equitable petition for an accounting it is not required that the plaintiff allege an itemized statement or aver how much is due, provided he alleges facts sufficient to indicate that something is due him. *Calbeck* v. *Herrington,* 169 *Ga.* 869 (152 S. E. 53); *Bowman* v. *Chapman,* 179 *Ga.* 49 (2) (175 S. E. 241); *Gould* v. *Barrow,* 117 *Ga.* 458 (43 S. E. 762); *Smith* v. *Hancock,* supra; *Luther P. Stephens Investment Co.* v. *Berry Schools,* 188 *Ga.* 132 (2) (3 S. E. 2d, 68); *Atlanta Trust Co.* v. *National Bondholders Corporation,* 188 *Ga.* 761, 770 (4 S. E. 2d, 644). Where it appears from the petition that the defendant was to keep the books, and the plaintiff was refused access to them, no

bill of particulars is required. *Newcomb* v. *Wagoner,* 35 *Ga. App.* 29 (132 S. E. 117) ; *Hogan* v. *Walsh,* 122 *Ga.* 283 (50 S. E. 84). Applying the foregoing rules to the present petition, there was no error in overruling the demurrers, and the exception is without merit.

■ Exceptions of law numbered 2 and 3 complain of the findings that under the contract Sanders' compensation was to consist of one half of the net profits, after deducting expenses, except rents, and that Sanders was entitled to an accounting therefor, the ground of exception being that the original contract was changed by mutual consent, under which the rents should have been deducted. Under certain circumstances there may be a mutual disregard of an executory contract between parties. Code, § 20-116. However, in *Bearden Mercantile Co.* v. *Madison Oil Co.,* 128 *Ga.* 695 (4), 704 (58 S. E. 200), the court said: "While a distinct stipulation in a contract may be waived by the conduct of the parties, it must appear that it was the intention of the parties to treat such stipulations as no longer binding. The mere fact that one party so intended would not bring about this result. It must appear that it was the mutual intention; that is, the circumstances must be such as, in law, to make practically a new agreement as to the stipulations in the original contract." Whether or not there was such a mutual disregard of the original contract is a question for a jury, or as in this case for the auditor. *Mauldin* v. *Gainey,* 15 *Ga. App.* 353 (7) (83 S. E. 276). The auditor having found against the contentions of the plaintiff in error and the findings of fact, being supported by evidence, there was no error in disapproving the exceptions, and they are without merit.

■ The question is made in the fourth and last exception of law, that a part of the amount found against the Southern Feed Stores was barred by the statute of limitations, such part, as contended, having accrued more than six years before the institution of the suit, and the contract not being one under seal. Although the suit was not filed until October, 1935, it was alleged in the petition and supported by evidence that the store had been operated under the contract from December, 1927, to February, 1935, during which period the books and records had been in the possession of the defendant, it had not apprised the plaintiff of the deductions, nor had he discovered them, despite his inquiry for detailed statements. If the defendant, or those under whom he claims, shall

have been guilty of a fraud by which the plaintiff shall have been debarred or deterred from his action, the period of limitation shall run only from the time of the discovery of the fraud. Code, § 3-807. In *Hoyle* v. *Jones*, 35 *Ga.* 40 (89 Am. D. 273), it was held: "The concealment of a right, by one whose duty it is to disclose it, prevents the running of the statute of limitations in favor of the party in default. It is a legal fraud." We hold that the ground based on the statute of limitations is without merit. In the same exception it is complained that the finding of interest was vague, indefinite, and uncertain, in that the rate thereof was not stated. In his findings the auditor specified particular amounts of rents on annual periods which had been improperly deducted, and on these amounts from the respective annual dates he allowed interest. The statute fixes the legal rate of interest. Code, § 57-101. We find no merit in this ground of exception, and there was no error in its disapproval by the court.

*Judgment affirmed. All the Justices concur.*