42903. RAKESTRAW et al. v. HAMBY.

SUBMITTED JUNE 6, 1967—DECIDED JUNE 12, 1967.

*Payne, Barlow & Green, William O. Green, Jr.,* for appellants.
*L. S. Cobb, Doyle C. Brown,* for appellee.

EBERHARDT, Judge. 1. Although the motion to set aside was brought in Cobb Superior Court because "the Civil and Criminal Court of Cobb County is a court of limited jurisdiction and for want of power cannot afford full relief to [movants]" who "are entitled to a restraining order and injunction restraining the defendant herein and he acting through his attorney L. S. Cobb from doing or taking any other or further action to enforce the judgment herein alleged to be void on its face," there was no prayer for any equitable relief other than *pending a hearing* on the motion "for an order restraining . . . Lee Hamby, either himself or through his attorney L. S. Cobb or through any other party from further action of any kind or character in the enforcement of the judgment. . ."

Apparently a hearing was held on the same day the motion was filed and no restraining order was issued. However, there is no enumeration of error on the denial or the granting of any equitable relief, and the appeal is properly brought to this court.

2. There is no merit in the contention that the court should have stricken the defendants' answer and entered a default judgment (though it might have done so), instead of permitting the plaintiff to introduce before a jury testimony and evidence sustaining the allegations of the petition, under which the jury returned a verdict for the amount sued for upon which judgment was entered.

There has been, and perhaps still is, some confusion as to what a plaintiff must do to obtain his judgment upon an open account when the defendant fails to appear and defend. Several changes in the law have been made by the General Assembly from time to time. An excellent statement of the situation is to be found in 1 Enc. of Ga. Law, Accounts and Accounting, § 14, where a full legislative history of *Code* § 110-401 is related. It will be observed that as that Code section now stands it appears that a plaintiff who sued on an open account must prove his case and obtain a verdict before taking a judgment—even a default judgment. Consequently, if the defendant's answer here had been stricken when there was no appearance upon its call for trial plaintiff would still have had to obtain a verdict. There would have been no difference in the procedure, nor in the effect of the verdict. If the failure to strike defendant's answer was error, it was certainly harmless as to him.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*