### 46557. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. WILLIAMSON.

DEEN, Judge. 1. (a) "When a case is sounded for trial, the parties shall immediately announce ready, or move to continue; if three minutes should elapse before the announcement or motion to continue, the plaintiff's case will be dismissed, or the defendant's answer stricken." *Code* § 24-3341. Where, following defendant's motion to dismiss and motion for more definite statement based on the plaintiff's failure to attach a copy of the

insurance policy on which the action was brought the plaintiff amended by attaching a copy of the policy; no request for hearing on the motions was ever made; the case was twice set for trial and on the second occasion was continued for one day in the absence of counsel for the defendant; it was not an abuse of discretion on the following day for the court, on defendant's failure to appear, to strike the defensive pleadings and finally dispose of the action. While the reason for the nonappearance of defendant's counsel may have been understandable and due to honest error it fell far short of providential cause or other extraordinary circumstances which would render it an abuse of discretion on the part of the trial judge to refuse to arrest the judgment. Cf. *McLendon v. State,* 123 Ga. App. 290 (1) (180 SE2d 567) where the dismissal of a motion for new trial was affirmed under comparable circumstances.

(b) It is further contended that the trial court erred in allowing a trial of the case because there were in the record a motion to dismiss and a motion for more definite statement filed by the defendant and undisposed of. As previously stated, this trial marked the third occasion that the case had been scheduled on a trial calendar. *Code Ann.* § 81A-112 (d) provides that motion defenses such as a motion to dismiss for failure to state a claim shall be heard and determined prior to trial "on application of any party." So far as this record shows, no such application was made.

2. The absence of a brief of evidence will not result in the dismissal of the appeal but will require an affirmance of the judgment as to all enumerations of error requiring a consideration of the evidence.

3. The amendment (Ga. L. 1962, pp. 687, 688) to former *Code* § 110-401 relating to default judgments rendered that section substantially identical to the present § 81A-155 (b). Under the former, this court held in *Rakestraw v. Hamby,* 115 Ga. App. 868 (156 SE2d 308) that while the court might have stricken the defendant's answer and entered a default judgment against him upon his failure to appear when the case was called for trial, it was not reversible error for the court to allow the plaintiff to submit evidence to the jury, the jury returning a

verdict in the amount sued for. In the present case the court, after striking the defendant's pleadings, in like manner allowed the plaintiff to submit evidence to the jury as to the liability of the defendant insurance company for a fire loss in which the plaintiff was the insured. At the conclusion of the evidence however, the judge directed a verdict in favor of the plaintiff for the amount sued for as shown on the face of the policy, not including other amounts which the plaintiff sought in addition thereto. *Code Ann.* § 81A-155 specifies that suits ex contractu for unliquidated damages which are in default shall be tried by the court without a jury. The court in directing a verdict effectively eliminated a jury decision, and the result was the same as though he had heard the case without a jury in the first instance. No reversible error appears here.

4. It is further contended that the award of attorney fees included in the verdict and judgment should in any event be stricken since under *Code Ann.* § 56-1206 the attorney fees, if awarded, "shall be determined by the trial jury." This would be true had the case been litigated by both sides. Ga. L. 1962, p. 712 amended this Code section by shifting the responsibility of setting penalty and attorney fees for bad faith from the trial judge to the trial jury. However, the case being in default, ex contractu, and for unliquidated damages, the provisions of *Code Ann.* § 81A-155 control and the court was right in not submitting this issue.

5. "A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment ... the court shall not give the successful party relief, though he may be entitled to it, where the propriety of such relief was not litigated and the opposing party had no opportunity to assert defenses to such relief." *Code Ann.* § 81A-154 (c). The plaintiff's petition sought judgment including attorney fees in the sum of $3,300. and it was therefore error to enter a judgment for this item in the sum of $4,960.

*Judgment affirmed with direction that all attorney fees in excess of $3,300 be written off. Bell, C. J., and Pannell, J., concur.*

ARGUED SEPTEMBER 9, 1971—DECIDED OCTOBER 5, 1971.

552

*Byrd, Groover & Buford, Denmark Groover, Jr.,* for appellant.
*M. C. Pritchard,* for appellee.