30062, 30063. ROGERS v. GRIGGS; and vice versa.

GUNTER, Justice.

This appeal by Mr. Rogers and this cross appeal by Mr. Griggs result from a judgment that set aside a former default judgment rendered in favor of Mr. Rogers against Mr. Griggs.

In 1971 Rogers brought an action against Griggs to recover his partnership interest pursuant to an alleged partnership agreement entered into between the two of them. This action was Number 1190 in the trial court. Griggs did not file defensive pleadings, and the case was in default. However, some sixty-five days after service of the complaint upon Griggs, the trial judge, by agreement of the parties, ordered the default opened and ordered Griggs to file defensive pleadings. The order opening the default also referred the case to an auditor and ordered Griggs to post a bond in the amount of $5,000 to answer

the final judgment of the court. This order was dated August 13, 1971, and filed August 16, 1971. Defensive pleadings were not thereafter filed by Griggs, and the bond was not posted by Griggs.

Nothing further happened in the case until May 27, 1972, when the trial judge entered a default judgment in favor of Rogers against Griggs in the principal sum of $6,300 plus costs. This judgment recited the facts referred to above and then said: "Upon a presentation of evidence in accordance with provisions of Ga. Code Sec. 81A-155 (a) the plaintiff in said matter Frank Rogers did present to the court evidence in the form of sworn testimony regarding the accounts between the plaintiff and the defendant and which evidence was uncontradicted and shows that the defendant was indebted to the plaintiff in the sum of six thousand three hundred ($6,300) dollars." Execution was issued on this judgment and recorded on the General Execution Docket on June 26, 1972.

In 1974 Griggs brought an action against Rogers, Number 1674 in the trial court, in which he sought to permanently enjoin Rogers from enforcing the judgment rendered in Number 1190.

The trial judge temporarily restrained Rogers from enforcing the judgment and conducted a hearing on Griggs' request for a temporary injunction.

After the hearing the trial judge entered a judgment setting aside the judgment rendered in Number 1190. This judgment, in part, said: "Civil action Number 1190 is in default as to the defendant, John H. Griggs. Such action is one for unliquidated damages and the said John H. Griggs is entitled as a matter of right to appear in said case and introduce evidence as to the amount of such damages. The judgment heretofore taken by the plaintiff, Frank Rogers, is illegal and is hereby set aside upon the grounds that the provisions of Ga. Code Sec. 81A-155 (a) do not permit the taking of a judgment upon introduction of evidence before the court without a jury as to actions for unliquidated damages arising ex contractu. This being an action for accounting arising out of an alleged partnership between the parties and an action seeking to require the defendant therein to pay the plaintiff one-half of the value of the assets and one-half of the net profits of said

partnership, a judgment must be taken upon the introduction of evidence before a jury and not before the court without a jury." The trial judge granted a certificate for immediate review.

Rogers argues here that his judgment in number 1190 was properly taken and should not have been set aside.

Code § 81A-155 (a) provides in part: "If the case is still in default after the expiration of such period of 15 days, the plaintiff, at any time thereafter, shall be entitled to verdict and judgment by default, in open court or in chambers, as if every item and paragraph of the petition were supported by proper evidence without the intervention of a jury, unless the action is one ex delicto or involves unliquidated damages, in which event the plaintiff shall be required to introduce evidence and establish the amount of damages before the court without a jury as to actions ex contractu, and before a jury as to actions ex delicto with the right of the defendant to introduce evidence as to damages and the right of either to move for a new trial in respect of such damages."

Civil action number 1190 was a contractual action for unliquidated damages. In such a case the trial judge may hear evidence from the plaintiff without a jury and render a judgment. In *Ga. Farm Bureau Mut. Ins. Co. v. Williamson,* 124 Ga. App. 549 (184 SE2d 665) (1971), the Court of Appeals said: "Code Ann. § 81A-155 specifies that suits ex contractu for unliquidated damages which are in default shall be tried by the court without a jury. The court in directing a verdict effectively eliminated a jury decision, and the result was the same as though he had heard the case without a jury in the first instance. No reversible error appears here." Hn. 4.

The judgment appealed from must be reversed. The contentions made in the cross appeal are without merit or are controlled by the rulings made herein on the main appeal.

*Judgment reversed on main appeal, and affirmed on cross appeal. All the Justices concur.*

SUBMITTED JULY 7, 1975 — DECIDED SEPTEMBER 3, 1975 — REHEARING DENIED SEPTEMBER 30, 1975.

*Frank Sutton,* for appellant.
*Douglas W. McDonald,* for appellee.