### 51496. CRAWFORD v. FIRST NATIONAL BANK OF ROME.

MARSHALL, Judge.

This is an appeal from a directed verdict in favor of the defendant bank below at the conclusion of the presentation of plaintiff Crawford's evidence on a case sounding in tort.

The bank foreclosed on property owned by Crawford pledged by security deed to the bank upon a note in the amount of $2,739.24 from the bank to Crawford for the purchase of a home. The note was issued in July, 1972. In October, 1974, the pledged property was sold at a properly conducted foreclosure sale. Crawford alleged in her suit that the default declared by the bank and subsequent foreclosure sale was unlawful and in violation of the rights between the parties. These unlawful acts were alleged to have caused Crawford moving expenses of $4,000 when she was required to vacate the house foreclosed, loss of community reputation and credit standing, damaging her to the extent of $10,000, and mental strain and aggravation of a value of $10,000.

Crawford contends there was an alleged novation. She testified that during the life of the ostensible 36-month note, payments were due on the first of each month. During 1973 and 1974, Crawford missed payments on some months but paid extra payments in order to bring the note to a current status. These payments were accepted by the bank. Commencing in April, 1974, Crawford missed monthly installment

payments in April and June. She made payments in May, July and August. On August 22, 1974, the bank exercised the note option of declaring the note in default because the monthly payments were not current. Crawford requested a waiver of default in September, 1974, and the bank agreed to reinstate the note if Crawford would make the note current. While Crawford made two installment payments in September, she admitted the note still was not current, being in arrears in an amount in excess of $300.

In essence Crawford maintains that when the bank accepted installment payments on the note after the due date, this affected a departure from the original contract. Where the parties have departed from the terms of the contract, she maintained reasonable notice must be given of an intention to rely upon the exact terms of the contract before there can be any recovery for failure to rely upon its exact terms. It is the failure of the bank to give such notice to Crawford that forms the basis of this suit. *Held:*

Georgia Code § 20-116 (4227) provides: "Where parties, in the course of the execution of a contract, depart from its terms and pay or receive money under such departure, before either can recover for failure to pursue the letter of the agreement, reasonable notice must be given the other of intention to rely on the exact terms of the agreement. Until such notice, the departure is a quasi new agreement." See *Few v. Automobile Financing, Inc.,* 101 Ga. App. 783 (115 SE2d 196).

In order to create such a quasi new agreement, the parties to the original agreement must mutually consent to the departure. *Selman v. Manis,* 100 Ga. App. 422 (111 SE2d 747). The provisions of a written contract may be waived by acts or conduct which justify the other party to believe the express provisions are waived, and even a contractual provision against waiver may be waived by conduct. *Commercial Cas. Ins. Co. v. Campbell,* 54 Ga. App. 530 (188 SE 362). Thus, the question of whether the conduct of the parties cause a waiver of contract provisions, and a quasi new agreement effected, ordinarily, is a question of fact for a jury. *Ward v. Watkins,* 219 Ga. 629 (135 SE2d 421); *McLarty v. Verner,* 213 Ga. 472 (99 SE2d 890).

The evidence in this case reflects that Crawford made numerous late payments. She admitted that she was required to pay penalty payments as late charges. Furthermore, when she received the notification of default, she obtained the bank's agreement to waive default only if she brought the note to a current status. Crawford admitted she did not or was not able to make the note current, though she did make additional payments after the notice of default.

Evidence that Crawford received notices from the bank advising her that her account was past due, and that the bank exacted the payment of a late charge when delayed installments were accepted, manifested an intent on the part of the bank to demand and enforce strict compliance with the terms of the contract.

Though a quasi new agreement arises where the parties mutually depart from the terms of the original agreement and pay or receive money under such departure (*Bearden Mercantile Co. v. Madison Oil Co.,* 128 Ga. 695 (4) (58 SE 200)), there must be more than a simple breach on the part of one of the parties; there must be a mutual departure. "The mere fact that the defendant paid some installments after they were due and in amounts less than the stipulated sum, without any subsequent agreement to do so and without any consideration therefor, would not be sufficient to show such a departure from the original contract as to require notice from the plaintiff of intention to comply with the strict terms thereof before the plaintiff could insist upon a forfeiture of the same." *Hill v. Sterchi Bros. Stores,* 50 Ga. App. 193 (3) (177 SE 353); *Monk v. G. M. A. C.,* 56 Ga. App. 663 (193 SE 466).

Crawford's testimony evidenced her breach of the contract. Though she may have intended to treat the time of payment schedule as waived, there was no evidence that this was a mutual intention. Under such facts, the trial court was warranted in concluding that the bank never intended to depart from a strict compliance with the contract regarding the time and amount of monthly payments when the bank accepted payments which were not on time or in the correct amount. *Carter v. General Finance &c. Corp.,* 96 Ga. App. 423, 425 (100 SE2d 99).

This conclusion remains constant even though the bank accepted partial payment on the note after Crawford had received the notice of default. The mere acceptance of part payment does not amount to a waiver of the prior default or undo the maturity declared by the holder upon default. *McRae v. Federal Land Bank,* 36 Ga. App. 51 (2) (135 SE 112). The bank merely received what it was already due under the terms of the original agreement. *Tatum v. Morgan,* 108 Ga. 336 (33 SE 940). In the absence of additional consideration for forebearance in declaring the entire debt due or in extending the time of payments the bank, under the express terms of the note, could and did legally enforce the default and foreclosure provisions thereof. *Monk,* supra, p. 665.

We conclude the trial court did not err in directing the jury to return a verdict for the defendant bank against plaintiff Crawford. The foregoing being dispositive of the case, we will not consider the additional question raised by Crawford concerning damages, nominal or otherwise, none being due appellant.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

Submitted November 3, 1975 — Decided January 16, 1976.

*W. Gene Richardson,* for appellant.
*Walton, Smith, Shaw, Maddox & Davidson, Raymond A. Majors, Jr.,* for appellee.