## 56966. C. P. D. CHEMICAL COMPANY, INC. v. NATIONAL CAR RENTAL SYSTEMS, INC.

WEBB, Judge.

C. P. D. and National executed a short-term rental agreement for the use of a truck and trailer on March 3, 1977. Shortly thereafter C. P. D. began negotiations for the use of a truck under a long-term lease agreement and on March 16 its president signed a Truck Lease & Service Agreement under which C. P. D. agreed to pay National for all loss or damage to the leased vehicle. Paragraph 19 thereof stipulated that the agreement "shall not become effective and binding upon the parties hereto until accepted and executed by [National's] authorized representative at [its] general offices" in Minneapolis, Minnesota. The truck was delivered on June 3, and C. P.

D. accepted and began using it, but the Truck Lease & Service Agreement was not signed by National's representative until July 1.

On June 17 C. P. D. entered into another rental agreement with National for the use of a trailer, which was signed by National's agent who initialed boxes thereon indicating that C. P. D. was to provide collision and liability insurance. Paragraphs 9(b) and 12(d) further provided that C. P. D. would pay National for all damages to the rental vehicle. Paragraph 10 recited that "In the event customer is also a customer pursuant to a National Car Rental Truck Lease and Service Agreement under the terms of which the customer is required to procure and maintain insurance, then such customer's insurance shall extend to and cover the vehicle rented hereunder."

On June 25 both the truck and the trailer were involved in a collision while driven by an employee of C. P. D. and seriously damaged. National demanded that C. P. D. pay for all damages incurred pursuant to the terms of the lease agreements, C. P. D. refused, and National filed suit seeking damages for breach of the agreements, money owed on account, negligence and attorney fees. Summary judgment was granted to National on the account, and for damages to the truck and trailer to be determined by the court without a jury pursuant to Code Ann. § 81A-155 (a). C. P. D. appeals and we affirm.

1. The trial court correctly concluded as a matter of law that National waived the provision in the agreement requiring the signature of its representative. It has long been recognized that "forfeiture of rights is not favored, and the courts will readily seize upon circumstances arising in the subsequent conduct or transactions of the parties and imply a waiver, in order to prevent a forfeiture because of non-compliance with formal prerequisites." *McDaniel v. Mallary Bros. Machinery Co.*, 6 Ga. App. 848 (1) (66 SE 146) (1909); *Daniel & Daniel, Inc. v. Stewart Bros.*, 139 Ga. App. 372, 378 (2a) (228 SE2d 586) (1976). More specifically, "the parties may, by their acts or conduct, waive a provision that their contract may not take effect or constitute a binding agreement unless it is approved by a designated person or agency, or unless it is formally approved by all the parties, and a provision that

a contract shall not be binding until it is approved in writing by a designated officer of one of the parties may be waived by the party where the provision was inserted into the agreement solely for such party's protection." 17A CJS 691, Contracts, § 491a.

The provision in the truck lease agreement requiring execution by National's representative was clearly for National's benefit to insure that a customer who had signed such an agreement could not demand that it be binding while it was being routed through proper channels for approval by National. But in delivering the truck to C. P. D., National waived the benefit and protection of this provision, and when C. P. D. accepted it, both parties became bound by and subject to all terms of the agreement between them.

C. P. D.'s argument, without citation of authority, that waiver is always a jury question has been refuted by the Supreme Court, which has previously found waiver based upon acts of the parties as a matter of law. *McCranie v. Rigsby,* 172 Ga. 860, 861 (2b) (159 SE 233) (1931); *Pearson v. George,* 209 Ga. 938, 946 (2) (77 SE2d 1) (1953). Enumeration of error 1 is without merit.

2. Nor did the trial court err in refusing to admit contemporaneous oral statements to alter the terms of the agreement. "In the absence of fraud, accident, or mistake, parol evidence of prior or contemporaneous conversations, representations, or statements is inadmissible to add to or vary the written instrument. [Cit.]." *Cotton States Mut. Ins. Co. v. Booth,* 116 Ga. App. 410, 413 (157 SE2d 877) (1967). See also *Smith v. Standard Oil Co.,* 227 Ga. 268 (4) (180 SE2d 691) (1971); Code §§ 20-704, 38-501. C. P. D.'s president admitted reading the agreement before he signed it, but claims that C. P. D. relied upon representations of National's agent that National would provide insurance and it would be taken care of. National denies any such representations.

"However, the evidence does not establish the necessary elements of the defense of fraud. The essential elements of this defense are: That the defendant must show that the plaintiff made a false, material representation of an existing fact with knowledge that it was false, or with reckless disregard as to its truth; that

the misrepresentation was acted upon by the defendant; and further, that the defendant acted in reasonable reliance in a manner reasonably foreseeable by the plaintiff, to the defendant's proximate injury [cit.]. . . *Fraud cannot consist of mere broken promises, unfulfilled predictions or erroneous conjectures as to future events.* [Cit.]" *Cheney v. Barber,* 144 Ga. App. 720 (242 SE2d 358) (1978) (Emphasis supplied.) "[A]ctionable fraud cannot be based upon a promise as to future events; nor does actionable fraud arise from a mere failure to perform a promise. [Cits.]" *Hill v. Delta Air Lines,* 143 Ga. App. 103, 105 (5) (237 SE2d 597) (1977).

3. There being no genuine issue of material fact, the trial court correctly held that C. P. D. is liable to National for damages to the truck and trailer. As previously discussed in Division 1, supra, delivery of the truck specified in the March 16 Lease and Service Agreement was sufficient to constitute acceptance and execution as required thereby. Receipt of the truck on June 3 was acknowledged by C. P. D. by the signing of the delivery receipt stating that it was "accepted and received by the undersigned subject to the terms and conditions of the Truck Lease and Service Agreement. . ." This not only shows further assent by C. P. D. to be bound by the terms and conditions of the agreement, but arguably could be looked upon as the formation of an additional contract. Compare *Gettier-Montanye, Inc. v. Davidson Granite Co.,* 75 Ga. App. 377, 385 (2) (43 SE2d 716) (1947). C. P. D. does not argue the validity of the court's holding with respect to its liability for damages done to the trailer under the terms of the June 17 rental agreement, and therefore must be deemed to have waived this objection.

4. Having received summary judgment as to liability, National must prove the amount of its unliquidated damages. The trial court ordered the trial to be held without a jury pursuant to CPA § 55 (a) (Code Ann. § 81A-155 (a)), which procedure C. P. D. insists applies only to default judgments. However, this section has been specifically cited by both appellate courts on other occasions for proving unliquidated damages where there is no question which a jury must decide. See, e.g., *Rogers v. Griggs,* 235 Ga. 273 (219 SE2d 372) (1975),

citing *Ga. Farm Bureau Mut. Ins. Co. v. Williamson,* 124 Ga. App. 549 (4) (184 SE2d 665) (1971) (contractual actions for unliquidated damages in which a verdict was directed); *Republic Ins. Co. v. Cook,* 129 Ga. App. 833, 834 (2) (201 SE2d 668) (1973) (reversing grant of summary judgment as to unliquidated damages). We find no grounds for reversal in its utilization here.

*Judgment affirmed. Bell, C. J., and Banke, J., concur.*

SUBMITTED JANUARY 3, 1978 — DECIDED JANUARY 11, 1979 — REHEARING DENIED JANUARY 25, 1979.

*Little & Adams, Sam F. Little,* for appellant.

*McCamy, Minor, Phillips & Tuggle, John P. Neal, III,* for appellee.