74105. OXFORD MOTORS COMPANY v. NIBLACK et al.
(360 SE2d 23)

CARLEY, Judge.

Appellee-plaintiffs entered into a contract to sell the assets of their automobile dealerships to appellant-defendant. The sale was never consummated and appellees brought suit against appellant for breach of contract. The case was tried before a jury. At the close of appellees' evidence and again at the close of all the evidence, appellant moved for a directed verdict. The motions were denied by the trial court, and the case was submitted to the jury. The jury returned a verdict in favor of appellees. Appellant appeals from the judgment that was entered on the jury verdict.

Appellant's sole enumeration is that the trial court erroneously denied its motions for directed verdict. According to appellant, a directed verdict should have been granted because appellees adduced no evidence that two contractual conditions precedent had ever been satisfied so as to render appellant's purchase of appellees' dealerships an absolute obligation. One condition precedent was: "Closing of the sale shall be subject to approval of the Buick Division of General Motors Corporation of said Buick franchise from [appellees] to [appellant] and this contract shall be null and void unless said franchise transfer is approved." The other condition precedent was: "It is agreed by buyer and seller that the buy/sell agreement dated August 13, 1981 between [appellant] and [appellees] is intended to include the approval of Distributors, Inc. for the transfer of the Subaru franchise from [appellees] to [appellant]."

"A directed verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced together with all reasonable deductions or inferences therefrom demands a particular verdict. [Cits.]" *Carver v. Jones*, 166 Ga. App. 197, 199 (3) (303 SE2d 529) (1983). In this case, there was conflicting evidence with regard to the existence of a waiver of the conditions precedent in the parties' contract. Although the waiver of contract provisions is not always a jury question (see *C.P.D. Chem. Co. v. Nat. Car Rental Sys.*, 148 Ga. App. 756, 757 (1) (252 SE2d 665) (1979)), it is a question for the trior of fact when the evidence in that regard is conflicting. *Integrated Micro Systems v. NEC Home Electronics*, 174 Ga. App. 197, 202 (3) (329 SE2d 554) (1985). Since the jury was authorized to find from the conflicting evidence in this case that there had been a waiver of both conditions precedent, the trial court correctly denied appellant's motions for a directed verdict. " '[T]he parties may, by their acts or conduct, waive a provision that their contract may not take effect or constitute a binding agreement unless it is approved by a designated person or agency, or unless it is formally approved by all the parties, and a provision that a contract shall not be binding until it is approved in writing by a designated officer of one of the parties may be waived by the party where the provision was inserted into the agreement solely for such party's protection.' [Cit.]" *C.P.D. Chem. Co. v. Nat. Car Rental Sys.*, supra at 757-758 (1). Moreover, in addition to waiver, there was sufficient evidence from which the jury could have found that any nonsatisfaction of the condition precedent with regard to the approval of the Subaru transfer was the result of appellant's failure to exercise good faith. " '[W]here a defendant prevents the performance of a stipulation of a contract undertaken by the plaintiff, he is estopped from setting up in his own behalf any injury which may have resulted from the non-performance of such condition.' [Cits.]" *Allied Enterprises v. Brooks*, 93

Ga. App. 832, 834 (3) (93 SE2d 392) (1956).

There being sufficient evidence in the case to authorize the jury to return a verdict for appellees, the trial court did not err in denying appellant's motions for directed verdict.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED JULY 2, 1987 —
REHEARING DENIED JULY 22, 1987.

*G. Stuart Watson, Howard S. McKelvey, Jr.*, for appellant.
*Donald D. Rentz*, for appellees.