## 76576. DAN-D, INC. v. BURNSED ENTERPRISES, INC.
(372 SE2d 303)

CARLEY, Judge.

Appellant-contractor filed suit, seeking to perfect and enforce a materialman's lien against the real property of appellee-owner. Appellee answered and, in addition, filed a counterclaim wherein it sought to recover liquidated damages for appellant's breach of contract. After a brief period of discovery, appellee moved for summary judgment on its counterclaim and for purposes of its motion only, appellee admitted its liability for the $15,217.02 claimed by appellant as owed to it under the contract. Following a hearing, the trial court granted the motion and entered summary judgment in favor of appellee in the amount of $23,582.98, this figure representing the sum of $38,800 found to be owing to appellee as liquidated damages less the $15,217.02 which was claimed by appellant. Appellant appeals from the trial court's order granting appellee's motion for summary judgment.

1. Appellant enumerates as error the trial court's holding, as a matter of law, that appellee was entitled to liquidated damages for breach of contract.

The record shows that the parties had entered into a construction contract containing an enforceable liquidated damages clause. See OCGA § 13-6-7; *Gibson v. Sheriff*, 155 Ga. App. 578 (271 SE2d 710) (1980). Under this liquidated damages clause, appellant would be required to pay $100 for each day that the substantial completion of its work on the project was delayed beyond a date to which the parties had agreed. Appellant urges that any delay in the substantial completion of its contractual obligations beyond the applicable date was caused either by appellee or by another contractor. However, under the terms of the contract, if appellant's performance was delayed for reasons beyond its control, the proper contractual remedy was for it to apply, in writing, to the project engineer and appellee for an extension of time. Appellant did, in fact, apply for and receive one such extension of time from the project engineer and appellee. Assuming that appellant experienced any additional delay for reasons beyond its control, the proper time for raising the issue was when the delay occurred and the proper method for excusing the delay was that method identified in the contract. However, this contractual right to excuse additional delays in performance was not asserted by appellant in a timely and proper fashion.

Viewing the evidence in the light most favorable to appellant, it is clear that the construction contract in question contained a valid liquidated damages clause, that appellant failed to substantially complete its contractual obligations within the time agreed upon by the parties, and that appellant produced no evidence of a contractual de-

fense to appellee's claim for liquidated damages. Accordingly, the trial court did not err in holding, as a matter of law, that appellee was entitled to a recovery of liquidated damages.

2. Appellant enumerates as error the trial court's finding that appellee was entitled to judgment in the amount of $38,800 as liquidated damages.

In its order, the trial court stated that its determination that appellant's substantial completion of the contract work was 388 days late was based upon August 20, 1984 as the contractual due date for substantial completion and an actual substantial completion date of September 12, 1985. There is evidence in the record, however, to authorize a finding that appellee waived the contractual due date of August 20, 1984 and extended it to at least October 5, 1984. "[T]he waiver of contract provisions . . . is a question for the trier of fact when the evidence in that regard is conflicting. [Cit.]" *Oxford Motors Co. v. Niblack*, 183 Ga. App. 771, 772 (360 SE2d 23) (1987). As there remains a genuine issue of material fact with regard to the date when appellant's substantial completion of its work was due and when appellant's liability for liquidated damages commenced, the trial court erred in granting summary judgment as to the specific amount of liquidated damages that appellee was entitled to recover. Since the trial court's grant of summary judgment in the amount of $23,582.02 must be reversed for this reason, it is unnecessary to address the question of whether a genuine issue of material fact also exists with regard to whether September 12, 1985 is the date when substantial completion of the contract was actually accomplished and when appellant's liability for liquidated damages ceased.

3. The grant of summary judgment in favor of appellee is affirmed as to appellant's contractual liability for liquidated damages. The grant of summary judgment in favor of appellee is reversed as to the award of damages in the amount of $23,582.02.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 6, 1988.

*Harold B. Yellin*, for appellant.
*David H. Johnson*, for appellee.