## A89A0022. KUSUMA v. METAMETRIX, INC. et al.
### (381 SE2d 322)

BIRDSONG, Judge.

Appellant landlord appeals the state court's order granting summary judgment to appellee tenant.

Appellees entered into a lease for a term of five years with Carlco Properties, Inc. Carlco subsequently sold the leased property to appellant, and assigned its rights under the lease to appellant as part of its sales transaction. The lease expressly provided that "[t]ime is of the essence of this agreement." It thereafter included a certain pertinent special stipulation, as follows: "In so far as the following stipulations conflict with any of the foregoing provisions, the following shall control: . . . 4. In the event Dr. Neil Summerman [sic] should vacate suite 6 of 3700 building, Holcomb Bridge Road — Metametrix *may* elect to cancel this lease." (Emphasis supplied.)

On July 1, 1986, Dr. Sommerman vacated the premises; however,

before Dr. Sommerman's departure, a Dr. Bernard Mlaver also began to practice medicine at suite 6. On or about November 30, 1987, appellees gave appellant written notice of intent to terminate or rescind the lease. On January 1, 1988, appellees vacated the premises. Appellant brought suit to collect past due rents and damages for breach of the lease.

Appellant's sole enumeration of error is that the trial court erred in granting summary judgment to appellee. *Held:*

1. "In ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence *and all inferences* and conclusions arising therefrom most favorably toward the party opposing the motion." (Emphasis supplied.) *Peterson v. Liberty Mut. Ins. Co.*, 188 Ga. App. 420, 422 (373 SE2d 515).

2. Appellant asserts that special stipulation 4 relied upon by appellees is ambiguous, particularly as to the meaning of the term "vacate."

The existence or non-existence of an ambiguity is itself a question of law for the court. *Capital Ford Truck Sales v. U. S. Fire Ins. Co.*, 180 Ga. App. 413, 417-418 (349 SE2d 201); accord *McClintock v. Wellington Trade*, 187 Ga. App. 898, 902 (371 SE2d 893). A jury question arises only when there appears to be an ambiguity in the contract which cannot be negated by the court's application of the statutory rules of construction set forth in OCGA § 13-2-2 (id.), and this rule applies even though the contract is "difficult to construe." *Webster v. Star Distrib. Co.*, 241 Ga. 270 (b) (244 SE2d 826). Words in a contract generally bear their usual and common signification with certain exceptions not here applicable. OCGA § 13-2-2. "A word or phrase is ambiguous 'when it is of uncertain meaning and may be fairly understood in more ways than one.' [Cit.] Language which is unambiguous will not be construed as ambiguous based on extrinsic circumstances." *Walton v. Datry*, 185 Ga. App. 88, 94 (5) (a) (363 SE2d 295). Ambiguity cannot be created merely by ingenuity of counsel. Special stipulation 4 when construed in its entirety clearly provides on its face that if Dr. Sommerman gave up suite 6, or left, moved out or similarly ceased to occupy the premises, that appellees would have the right subsequently to terminate the contract. Special stipulation 4 is not ambiguous. We find this assertion to be without merit.

3. Appellant asserts that a genuine issue of fact exists regarding whether appellees waived special stipulation 4 by conduct or delay. The stipulation clearly operates to the exclusive benefit and protection of the appellees. Moreover, as stipulation 4 was not in conflict with, it was therefor subject to, the *unrestricted* time of the essence clause of the lease agreement. See *Giddens Constr. Co. v. Fickling &c.*

*Co.*, 188 Ga. App. 558 (373 SE2d 792), reversed on other grounds, 258 Ga. 891 (376 SE2d 655).

The record establishes that the appellees/movants did not terminate the lease, pursuant to the authority of special stipulation 4, until approximately 18 months following Dr. Sommerman's quitting of the premises. As appellees remained in lawful possession of the premises during that time, the reasonable inference to be drawn is that tender of rent was timely made and accepted at least until appellees tendered notice of termination to appellant.

As a general rule, "a party to a contract may not waive stipulations in favor of the other party, or rights to which the other party is entitled. . . ." 17A CJS, Contracts, § 491a. However, such provisions may be waived by the *conduct* of both parties intended to result in the "mutual disregard" of, or "mutual departure" from the contract terms. See generally OCGA § 13-4-4; *Southern Feed Stores v. Sanders*, 193 Ga. 884 (3) (20 SE2d 413); *Bearden Mercantile Co. v. Madison Oil Co.*, 128 Ga. 695 (4) (58 SE 200); *Prudential Ins. Co. v. Nessmith*, 174 Ga. App. 39 (329 SE2d 249); *Crawford v. First Nat. Bank &c.*, 137 Ga. App. 294, 295 (223 SE2d 488). The question whether the parties' mutual conduct caused a waiver and effected a quasi-new agreement ordinarily is a question for the jury. *Southern Feed Stores,* supra at 887; *Crawford,* supra at 295. It is equally well-recognized that a party to a contract "may waive contractual provisions for his benefit." 17A CJS, supra; see *Storey v. Austin*, 221 Ga. 692 (1) (146 SE2d 728); *C.P.D. Chem. Co. v. Nat. Car Rental &c.*, 148 Ga. App. 756 (1) (252 SE2d 665).

"A waiver may be express, or may be inferred from actions, conduct, or a course of dealing. . . . Waiver of a contract right may result from a party's conduct showing his election between two inconsistent rights. . . . Acting on the theory that the contract is still in force, as by continuing performance, demanding or urging further performance, or permitting the other party to perform and accepting or retaining benefits under the contract, may constitute waiver of a breach. However, all the attendant facts, taken together, must amount to an intentional relinquishment of a known right, in order that a waiver may exist. . . ." 17A CJS, supra at § 492 (1), see also § 443.

Although the issue of a waiver of a contract provision is not always a jury question, "it is a question for the trior of fact when the evidence in that regard is conflicting." *Oxford Motors Co. v. Niblack*, 183 Ga. App. 771, 772 (360 SE2d 23).

The approximately 18-month delay in the exercise of the termination option gives rise to a jury question per se regarding appellees' intent in failing to timely assert their termination rights. See generally *Bearden*, supra at 702 (3); *Royal Atlanta &c. v. M. D. Hodges*

&c., 141 Ga. App. 838 (1) (234 SE2d 676) (protracted silence raised fact issue as to whether appellee had waived the right to terminate by its inaction). Further, the reasonable inferences that during the 17-month period until notice was given, appellees continued to pay rent monthly and accept the benefit of the rental property, and that the appellant accepted such repeated rent payments likewise created a factual dispute as to whether waiver occurred. See *Smith v. Gen. Fin. Corp.*, 243 Ga. 500, 501 (255 SE2d 14); see also *Turner &c. Advertising v. Fidelity &c. Inc.*, 185 Ga. App. 815, 817 (366 SE2d 201).

*Judgment reversed. Deen, P. J., and Benham, J., concur.*

DECIDED APRIL 5, 1989.

*William Edmund Burke,* for appellant.
*Emily Sherwinter,* for appellees.