A91A0509. CHO et al. v. SOUTH ATLANTA ASSOCIATES, LTD.
(409 SE2d 674)

McMURRAY, Presiding Judge.

South Atlanta Associates, Ltd. (plaintiff) brought an action against Myeng K. Cho, Hong Yul Ryu and Nack Y. Paek d/b/a Crystal Cleaners (defendants) alleging that defendants breached a three-year shopping center lease by failing to pay rent, taxes, late fees, common area maintenance fees and water and utility expenses. Defendants admitted that they entered into a three-year lease with defendant for shopping center space, but claimed set-off and alleged that plaintiff "retained equipment and personal property belonging to the Defendants of a value equal to or in excess of the claims of the Plaintiff, and that Plaintiff's retention of such equipment and personal property has fully discharged Defendants." Plaintiff moved for summary judgment. The following evidence is undisputed:

Defendants entered into a three-year lease with plaintiff for shopping center space ("the premises") and defendants gave plaintiff a $1,500 security deposit and agreed to pay minimum monthly rental installments of $1,360, beginning January 1, 1985. Defendants also agreed to pay water and utility fees and a proportionate share of taxes and common area maintenance expenses.

In January or February 1985, defendants began operating a dry cleaning business on the premises, but later decided to close the business. In February of 1986, defendants attempted to remove equipment from the premises by removing the storefront, but they did not

have plaintiff's permission and plaintiff obtained a temporary restraining order preventing defendants "from removing the dry cleaning equipment and other fixtures in the premises . . . or from removing the storefront or damaging the premises in any way for a period of thirty days from [February 14, 1986]."

Defendant later removed all equipment that would pass through the doors of the premises. They left large items of equipment which could be moved only after removal of the storefront. Defendants vacated the premises and stopped paying their obligations under the lease on May 1, 1986.

In a letter dated June 11, 1986, plaintiff notified defendant Nack Y. Paek that "you are still fully obligated to pay minimum rent and expenses as defined in [the] Lease Agreement, per month, until such time as the Premises is released." Defendants did not honor their obligations under the lease and, on October 9, 1986, plaintiff leased the premises to another tenant.

The trial court granted summary judgment to plaintiff based on evidence of damages from the affidavit of an agent in charge of plaintiff's "ledgers." This appeal followed. *Held*:

1. Defendants contend the trial court erred in granting summary judgment to plaintiff, arguing that genuine issues of material fact remain as to set-off for the equipment defendants left on the premises.

" 'A motion for summary judgment should not be granted unless it affirmatively appears from the pleadings and evidence that the party so moving is entitled to prevail.' *Finch v. City of Atlanta*, 232 Ga. 415, 416 (207 SE2d 46) (1974). See generally OCGA § 9-11-56 (c); *Sanders v. Colwell*, 248 Ga. 376 (2) (283 SE2d 461) (1981)." *McGivern v. First Capital &c. Properties*, 188 Ga. App. 716, 717 (1) (373 SE2d 817).

In the case sub judice, the lease provides that "[u]pon the occurrence of an event of default by Tenant, Landlord may . . . enter upon the Demised Premises and take possession of any and all goods, wares, equipment, fixtures, furniture and other personal property of Tenant situated on the premises without liability for trespass or conversion, and sell the same with or without notice at public or private sale, with or without having such property at the sale, at which Landlord or its assigns may purchase, and apply the proceeds thereof, less any and all expenses connected with the taking of possession and sale of the property, as a credit against any sums due by Tenant to Landlord. Any surplus shall be paid to Tenant and Tenant agrees to pay any deficiency forthwith."

There is no conclusive evidence regarding the disposition of the equipment left by defendants on the leased premises and the trial court did not credit defendants with any amount for the sale of said equipment. Consequently, genuine issues of material fact remain as to

the disposition of said equipment, i.e., whether the equipment was sold, abandoned or stored. It follows that genuine issues of material fact may also exist as to the amount, if any, defendants are entitled to receive as surplus from the sale of the equipment or as a credit against unpaid lease obligations. The trial court erred in granting plaintiff's motion for summary judgment.

2. Defendants contend the trial court erred in granting summary judgment to plaintiff and "improperly [holding defendants] liable for rent accruing after [plaintiff] terminated [defendants'] liability by retaking possession and reletting the premises." Defendants argue that there is evidence that plaintiff "elected to terminate the Lease, and [defendants'] liability, upon releasing the premises to [another tenant]."

"As a general rule, 'a party to a contract may not waive stipulations in favor of the other party, or rights to which the other party is entitled. . . .' 17A CJS, Contracts, § 491a. However, such provisions may be waived by the *conduct* of both parties intended to result in the 'mutual disregard' of, or 'mutual departure' from the contract terms. See generally OCGA § 13-4-4; *Southern Feed Stores v. Sanders*, 193 Ga. 884 (3) (20 SE2d 413); *Bearden Mercantile Co. v. Madison Oil Co.*, 128 Ga. 695 (4) (58 SE 200); *Prudential Ins. Co. v. Nessmith*, 174 Ga. App. 39 (329 SE2d 249); *Crawford v. First Nat. Bank &c.*, 137 Ga. App. 294, 295 (223 SE2d 488). The question [of] whether the parties' mutual conduct caused a waiver and effected a quasi-new agreement ordinarily is a question for the jury. *Southern Feed Stores*, supra at 877; *Crawford*, supra at 295. It is equally well recognized that a party to a contract 'may waive contractual provisions for his benefit.' 17A CJS, supra; see *Storey v. Austin*, 221 Ga. 692 (1) (146 SE2d 728); *C.P.D. Chem. Co. v. Nat. Car Rental &c.*, 148 Ga. App. 756 (1) (252 SE2d 665)." *Kusuma v. Metametrix, Inc.*, 191 Ga. App. 255, 256 (3), 257 (381 SE2d 322).

In the case sub judice, defendants vacated the leased premises and plaintiff notified defendant Nack Y. Paek that "you are still fully obligated to pay minimum rent and expenses as defined in [the] Lease Agreement, per month, *until such time as the Premises is released*." (Emphasis supplied.) This evidence raises genuine issues of material fact regarding any agreement that defendants would be released from obligations under the lease after the premises "is released." See *Oxford Motors Co. v. Niblack*, 183 Ga. App. 771, 772 (360 SE2d 23). Consequently, it was error to grant summary judgment to plaintiff.

3. Defendants contend the trial court erred in failing to reduce the amount owed to plaintiff by the $1,500 security deposit. We agree. The lease specifically provides that the security deposit will be applied to "cure any default of Tenant."

4. It is unnecessary to consider defendants' remaining enumerations of error.

*Judgment reversed. Sognier, C. J., concurs. Andrews, J., concurs specially.*

ANDREWS, Judge, concurring specially.

I concur in Divisions 1 and 3, and in the judgment, but disagree with the conclusion reached in Division 2.

The majority holds that a question of fact exists as to whether the plaintiff (landlord) elected to terminate the defendants' (tenant) obligation to pay further rent after the premises was re-leased to another tenant. After the defendants vacated the premises and defaulted on the lease, plaintiff advised defendants by letter that, as requested, a sign would be placed in the window of the premises in an effort to locate another tenant. The letter continued by adding: "However, please be advised that you are still fully obligated to pay minimum rent and expenses as defined in your Lease Agreement, per month, until such time as the Premises is released."

The lease provides that in the event of the defendants' default, plaintiff has the option, without notice, to take possession of the premises, relet it to another tenant, and demand that defendants pay any deficiency between the rent owed by defendants under the lease and the rent paid by the new tenant. By stating that upon re-leasing to another tenant, defendants will no longer be fully obligated to pay the minimum rent due, the letter simply recognizes the provision in the lease that the rent due from defendants would be reduced by the amount of rent paid by a new tenant. I do not find the language in the letter to be ambiguous or inconsistent with the provisions of the lease holding the defendants liable for any remaining deficiency after re-leasing. See *Reahard v. Ivester*, 188 Ga. App. 17, 19 (371 SE2d 905) (1988) (letter restated clear and unambiguous terms of lease agreement).

The trial court properly concluded, as a matter of law, that the letter evinced no intention on the part of plaintiff to terminate the defendants' obligations under the lease. Id.

DECIDED JULY 15, 1991 —
RECONSIDERATION DENIED JULY 30, 1991 — ▮▮▮▮

*Furman Smith, Jr.*, for appellants.
*Harman, Owen, Saunders & Sweeney, Perry A. Phillips, L. Katherine Adams*, for appellee.